■ The People of the State of New York, Appellant, v Barrington Morrell, Respondent. — Order, Supreme Court, New York County (Luis M. Neco, J.), entered October 22, 1982, granting defendant's motion to dismiss the indictment pursuant to CPL 30.30, reversed, on the law, the indictment is reinstated, and the matter is remanded for further proceedings. The essential facts are not in dispute. On July 29, 1981 defendant and two others were arraigned on a felony complaint charging them with criminal possession of marihuana in the first degree. On November 19, 1981 an indictment was returned only against the defendant. On March 17, 1982 the People announced their readiness for trial. On April 2, 1982 the defendant moved to dismiss the indictment, alleging that the People were not ready for trial within the statutory six-month period applicable to felonies. (CPL 30.30, subd 1, par [a].) After a hearing on this issue the court dismissed the indictment, ruling that 185 days of delay were chargeable to the People, including two periods totaling 34 days which occurred after the People had answered ready for trial, and which were referable to the People's delays in responding to defendant's CPL 30.30 motion (14 days) and preparing for a hearing on that motion (20 days). We find that Trial Term's inclusion of this 34-day period was error, and accordingly reverse. In *People v Giordano* (56 NY2d 524, 525), the Court of Appeals confirmed the rule "that when the District Attorney had announced his readiness on the record he had satisfied his obligation under CPL 30.30. Whatever may in fact have been the reason why the case was not reached for trial thereafter, there is no basis for dismissal pursuant to that statute (cf. *People v Brothers,* 50 NY2d 413, 417)." Thus, the critical issue in determining a CPL 30.30 motion is how many days of unjustifiable delay are attributable to the People *before* their announcement that they are ready for trial. It would be quite anomalous to include in this period delays occurring *after* the statement of readiness, which concern a matter wholly collateral to the issue of the People standing ready to try the defendant. We have examined and find without merit defendant's contentions that certain other delays, occurring prior to the statement of readiness and found by Trial Term to be excludable, should be chargeable to the People. Concur — Sandler, J. P., Silverman, Bloom, Fein and Alexander, JJ.

■ Anita Kosoff, Respondent, v Brian Kosoff, Appellant. — Order, Supreme Court, New York County (Hortense Gabel, J.), entered on June 23, 1983, unanimously affirmed, without costs and without disbursements. The appeal from the order of said court entered on February 1, 1983, is dismissed as superseded by the appeal from the order entered on June 23, 1983, without costs and without disbursements. No opinion. Concur — Sullivan, J. P., Ross, Fein, Milonas and Alexander, JJ.