OPINION OF THE COURT
Joseph Kevin McKay, J.
The defendant is charged with reckless endangerment, reckless endangerment of property, reckless driving and driving while intoxicated.
He moves to dismiss the information pursuant to CPL 170.30 (subd 1, par [e]) and CPL 30.30 contending that his rights to a speedy trial have been violated.
The facts are not in dispute and are as follows: A previous defense motion requesting CPL 30.30 relief was denied on April 4,1984. At that time, the court found that only 89 days were chargeable against the People. After rendering that decision the court adjourned the case to April 9, 1984 for trial. On April 9, 1984, the People were not ready for trial due to the unavailability of police witnesses. The case was adjourned to May 2,1984, with one week of this period chargeable against the People. The defendant subsequently renewed his CPL 30.30 motion contending that the seven-day period between April 9,1984 and April 16,1984, is clearly chargeable to the People and, therefore, that a total of 96 includable days have elapsed from the commencement of the action. The People, citing People v Giordano (56 NY2d 524) and People v Morrell (97 AD2d 703) *39 assert that when they answered ready on the 89th day that no subsequent includable periods of unreadiness could be charged against them.
I find no support for the People’s position in Giordano (supra). The Appellate Division decision in Giordano (81 AD2d 1003) makes it perfectly clear that the People were continuously ready for trial and that the failure to bring the defendant to trial within the proscribed statutory period was due solely to court congestion. The People’s reliance on Giordano as establishing a “once ready, forever ready” rule is wholly misplaced.
In their answering affidavit, the People cite the following quote from Morrell (supra, p 703). “Thus, the critical issue in determining a CPL 30.30 motion is how many days of unjustifiable delay are attributable to the People before their announcement that they are ready for trial. It would be quite anomalous to include in this period delays occurring after the statement of readiness”. The People’s quote ends at this point and neglects to complete the sentence “which concern a matter wholly collateral to the issue of the People standing ready to try the defendant.”
In my opinion, the omitted portion of the quotation is critical to an understanding of the Morrell decision (supra). Like Giordano (supra), Morrell does not preclude charging periods of time after an announcement of readiness against the People. To interpret Giordano and Morrell in any other manner would be to negate any possible meaning of CPL 30.30 (subd 3, par [b]) which would excuse an unreadiness for trial after a prior announcement of readiness only if some exceptional fact or circumstance is present.
From this, I conclude that the People must demonstrate either a continued readiness for trial or, if unable to do so, an exceptional fact or circumstance to justify a later period of unreadiness. Unless either is shown, the provisions of CPL 30.30 will not be tolled.
In this case, the People have not established either. Accordingly, the defendant’s motion to dismiss the information is granted.