THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK ANDERSON, Respondent.

First Department, December 18, 1984

### APPEARANCES OF COUNSEL

*Lisabeth Harrison* of counsel (*William E. Hellerstein,* attorney), for respondent.

*Steven Chananie* of counsel (*Norman Barclay* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

### OPINION OF THE COURT

FEIN, J.

Defendant and his accomplice were arrested on October 21, 1981 for selling heroin. Arraigned the next day, they were indicted on December 3 of that year on two counts of criminal possession of a controlled substance, third degree, and one count each of criminal possession of a controlled substance in the fourth and seventh degrees. On June 7, 1982, after several adjournments, in part due to defense motions, the People answered "ready for trial". Defendant and his accomplice then absconded in September, 1982; defendant was arrested on a bench warrant in December, 1983. New counsel was assigned.

On February 3, 1984, it came to the attention of the District Attorney that a police officer had testified at defendant's parole revocation hearing two years earlier. On February 6, the parties agreed upon an adjournment to permit the People to obtain the minutes of that hearing. On April 5, 1984, taking the position that the police officer's testimony at the parole revocation hearing was *Rosario* material which the People were obliged to obtain, Criminal Term dismissed the indictment for failure to proceed to trial in a timely fashion.

An indictment for the crimes here involved must be dismissed if the People are not ready for trial within six months after commencement of the action (CPL 30.30, subd 1, par [a]; 210.20, subd 1, par [g]). Defendant maintains that the People indicated an unreadiness for trial when it was revealed on February 6, 1984 that essential material still had to be obtained, and that this, in effect, negated the People's earlier statement of readiness on June 7, 1982. The People contend that inasmuch as they had only just become aware of the existence of the officer's testimony at the parole revocation hearing, this revelation did not invalidate their earlier statement of readiness for trial. We agree.

When the People are ready to proceed to trial, they must communicate this readiness to the court on the record (*People v Hamilton*, 46 NY2d 932). Once such an announcement is effectively made on the record, the District Attorney's obligation under CPL 30.30 (subd 1, par [a]) is satisfied (*People v Giordano*, 56 NY2d 524; see *People v Brothers*, 50 NY2d 413, 417). In *People v Morrell* (97 AD2d 703) the People challenged that part of a CPL 30.30 motion relying on 34 days of delay which occurred after the People's statement of readiness for trial. These 34 days, 14 attributable to the People's untimely mailing of an answer to the CPL 30.30 motion, and 20 attributable to procuring the appearance of an out-of-town witness, actually postdated defendant's motion to dismiss the indictment, although predating the ultimate submission date for the motion. We ruled that "the critical issue in determining a CPL 30.30 motion is how many days of unjustifiable delay are attributable to the People *before* their announcement that they are ready for trial." (*People v Morrell, supra*.) The People thus should not be penalized under this statute for a delay occurring after their good-faith statement of readiness.

The prosecutor's announcement should in good faith reflect a state of readiness. On this record, the prosecutor fulfilled his obligations by June 7, 1982. His belated discovery that the

police officer had testified before a parole hearing does not change the fact that the prosecutor was ready before discovering the facts about the parole hearing. The fact that on February 6, 1984, the People again announced readiness for trial, though not yet in receipt of defendant's parole revocation hearing minutes, did not vitiate the prior statement of readiness. The People were plainly proceeding in good faith.

In sharp contrast to the People's good faith is the lack of good faith on the part of the defendant who was a fugitive from justice for 15 months during the pendency of this action. Aside from serving the public interest of guaranteeing swift justice for those accused of a crime, the purposes of the statutory guarantee of a speedy trial include (1) protection of the accused against prolonged pretrial confinement, (2) relief for the accused from the anxiety and public suspicion attendant upon an untried accusation, and (3) prevention of exposure to the hazards of conducting a trial long after commission of the alleged offense (*People v Johnson,* 38 NY2d 271, 275-276). Dismissal of the indictment here does not serve these purposes.

Defendant was obviously aware of the prior statements. He was privy to them and could have obtained the minutes. The prosecutor's failure to have the revocation minutes ready does not warrant dismissal of the indictment.

Order of Supreme Court, New York County (George F. Roberts, J.), entered April 5, 1984, dismissing an indictment charging defendant with criminal possession of a controlled substance and other crimes upon the ground the People were not ready for trial under CPL 30.30, should be reversed on the law, the indictment should be reinstated, and the action remanded for further proceedings.

SANDLER, J. P., ASCH, SILVERMAN and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on April 5, 1984, unanimously reversed on the law, the indictment reinstated, and the action remanded for further proceedings.