■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NELSON SALSEDO, Respondent. — Order, Supreme Court, New York County (Carol Berkman, J.), entered February 9, 1984, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, is unanimously reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remanded for further proceedings.

During the evening of January 29, 1983, at West 175th Street and Amsterdam Avenue in Manhattan, New York City Police Officers Benitez and Moreno observed the defendant in possession of a stolen black 1980 Audi automobile. Thereafter, on February 3, 1983, Officer Benitez arrested the defendant and charged him in a felony complaint with the crime of criminal possession of stolen property in the first degree (Penal Law, § 165.50). Subsequent to defendant's arraignment in Criminal Court on February 4, 1983, he was paroled and the case was adjourned to February 22, 1983. Before this adjourned date, defendant was indicted for the crime set forth in the complaint. As a result of the defendant's failure to appear on February 22, 1983, a bench warrant was issued. Thereafter, defendant remained absent for almost two months until he voluntarily returned on April 20, 1983. At his April 20 court appearance, the defendant was given until May 23, 1983 to make pretrial motions. Then, on May 23, 1983, at the request of the People, the case was adjourned to June 14, 1983. On June 14 the People announced, in good faith, that they were ready for trial.

Between June 14 and November 29, 1983, there were seven adjournments, and the record before us does not indicate the reason for them.

As the trial was about to begin on November 30, 1983, the trial Assistant District Attorney advised the defendant that he had just learned that Officer Moreno, a potential trial witness, had made a pretrial identification of the defendant, at a police-arranged showup that took place shortly after the arrest. It is undisputed that this was the first notice that defendant had received of the identification by Moreno, and immediately defendant moved to suppress it. Even though the People were prepared to proceed with a *Wade* hearing that day, Criminal Term put over the hearing until December 14, 1983 since the defendant desired to have Moreno testify, and this officer was unavailable due to illness.

Less than a week before this *Wade* hearing was scheduled to start, the defendant moved to dismiss the indictment, upon the ground that the People's late notice had denied him a speedy trial, pursuant to CPL 30.30. In their papers in opposition to the motion, the People, *inter alia,* reiterated that they were ready for trial, with or without the identification testimony from Moreno.

Criminal Term found that the People's notice, which had been given on the eve of trial, served to invalidate their earlier statement of readiness. In view of the fact that the trial would now not take place until after the *Wade* hearing, which was calendared for December 14, 1983, Criminal Term charged the People with the entire 183 days that would have elapsed between June 14, 1983 and December 14, 1983. Thus, Criminal Term granted the motion to dismiss, based on its holding that more than 180 includable days had passed without the People being ready for trial. We disagree and reverse.

The Court of Appeals has unequivocally held that as soon as the People answer in good faith that they are ready for trial they have satisfied their obligation under CPL 30.30 and "[w]hatever may in fact have been the reason why the case was not reached for trial thereafter, there is no basis for dismissal pursuant to that statute" (*People v Giordano,* 56 NY2d 524, 525; emphasis added). This court recently stated, "the critical issue in determining a CPL 30.30 motion is how many days of unjustifiable delay are attributable to the People *before* their announcement that they are ready for trial" (*People v Morrell,* 97 AD2d 703; emphasis in the text).

The defendant's motion to dismiss is based on the failure of the District Attorney to serve notice of the pretrial showup until just before trial, and, therefore, the defendant argues, the District Attorney was never ready to proceed to trial. The maximum penalty imposed upon the District Attorney for his failure

to timely notify a defendant of a police-arranged identification is to preclude such identification evidence at trial (CPL 710.30, subd 3; cf. *People v Douglass,* 60 NY2d 194, 204-206).

Our analysis of the record leads us to conclude that before the District Attorney declared that he was ready for trial on June 14, only 41 days of delay were chargeable to the People, to wit: (a) the 19 days from the date of arrest to the date of the scheduled arraignment on the indictment (Feb. 3 to Feb. 22, 1983) and (b) the 22-day adjournment requested by the People (May 23 to June 14, 1983). The other 92 days that elapsed prior to the statement of readiness were not includable against the People since during that period the defendant had absconded and had been given time to make motions. Concur — Sandler, J. P., Ross, Asch, Milonas and Alexander, JJ.