OPINION QF THE COURT
Richard T. Andrias, J.
The defendant, by counsel, moves for an order pursuant to CPL 170.30 (1) (e) and 30.30 dismissing this criminal action on the grounds that the defendant has been denied his statutory right to a speedy trial. He further moves to dismiss the Penal Law § 265.01 charge on the additional grounds that it is defective pursuant to CPL 170.35.
I. SPEEDY TRIAL
On February 1, 1985, the defendant appeared in court in response to a desk appearance ticket. Under CPL 30.30 (5) (b), the action is considered to have commenced on this date. When the defendant appeared, he was arraigned on a criminal complaint charging criminal possession of a weapon (Penal Law § 265.01) and menacing (Penal Law § 120.15). In that at least one of the charges is a class A misdemeanor, the People are required to be ready for trial within 90 days of the date the action commenced (CPL 30.30 [1] [b]).
On April 1, 1985, the People filed a corroborating affidavit, thereby converting the criminal complaint into a jurisdiction-ally sufficient information (see, CPL 170.65 [1]; People v Colon, *863 59 NY2d 921 [1983]; 110 Misc 2d 917 [1981]). The defendant argues that the complaint was never “deemed” an information. To the contrary, however, the Judge in accepting the corroborating affidavit for filing deems the complaint an information. Here on April 1,1985, the Judge accepted the corroborating affidavit for filing, marked the papers accordingly, and in doing so, deemed the complaint an information.
The case was adjourned from April 1,1985 to April 18,1985 at the People’s request. On April 18, 1985, the People were not ready for trial. The Assistant District Attorney informed the Judge in the part that the arresting officer was scheduled to appear on April 26, 1985 and requested that the case be adjourned to that date. The Judge adjourned the matter to April 26,1985 and indicated on the record and in the presence of both the defendant and the defense counsel that April 26 was to be the trial date.
On April 26, 1985, after 85 days of includable time had elapsed, the People answered ready for trial on the record in open court. The defendant was present and informed the court of the name of his attorney, but defense counsel was not present. No affidavit of actual engagement was filed, and the defendant did not enlighten the court concerning counsel’s whereabouts. The case was adjourned, with the court requesting that the clerks notify counsel. The defendant was instructed to also be present at 9:30 a.m. on May 23, 1985. It is conceded that the People did not notify defense counsel that they had answered ready.
From the aforestated set of facts, the People argue that they fulfilled their obligations under CPL 30.30, when they announced their readiness for trial within the statutorily permitted time. (See, People v Giordano, 56 NY2d 524 [1982]; People v Anderson, 105 AD2d 38 [1st Dept 1984].)
The defendant concedes that the People answered ready on April 26,1985, at a time when defense counsel was not present, but contends that this statement of readiness should be disregarded because counsel was not formally notified of the People’s announcement of readiness. In essence, the defendant argues that the People’s failure to notify defense counsel of their statement of readiness negates their readiness. In support of this position, the defendant relies upon the note at page 337 of People v Kendzia (64 NY2d 331).[1]
*864 The facts of this case raise the issue of whether the People are required to directly notify defense counsel of the fact that they answered ready for trial when the People answered ready for trial in open court on a date which defense counsel knew the case was scheduled to go to trial. It is clear from the facts in Kendzia (supra) that in that case there was no statement of readiness on the record with defense counsel present. The footnote appears as an amplification of the court’s discussion of what constitutes “ready for trial” under CPL 30.30 (1). People v Cole (90 AD2d 27), on which the note in Kendzia is based, involves facts which are quite different from the facts before this court. In Cole, the People answered ready at a calendar call of a court session held when the Judge was sitting on assignment elsewhere in the State. It is unclear, from a careful reading of the Cole opinion, whether defense counsel even knew of the calendar call. Clearly, in a case such as Cole, the People would be obligated to formally notify all concerned.
In the case before this court, the matter was on for trial. It had been scheduled for trial at the previous session. Defense counsel was fully aware of the fact that the matter was on for trial. Defense counsel failed to appear at a regularly scheduled court session, although defendant was present. Defense counsel failed to file an affidavit of actual engagement, a rule of this court[2] unfortunately honored infrequently.
What this attorney is attempting to do is to put the burden on the People to notify him of what he would have heard had he been where he was obligated to be. To accept defense counsel’s argument would be to encourage the unacceptable practice of defense lawyers not appearing for court sessions just prior to the lapsing of speedy trial time, a result the Court of Appeals surely did not intend. The Court of Appeals in Kendzia (supra, at p 337) outlined two tests of being “ready”. There must be “a communication of readiness by the People which appears on the trial court’s record.” This element is present here. The fact that defense counsel absented himself from a previously scheduled trial date does not negate this announcement of readiness. Secondly, the court stated that the People must, in fact, be ready. The court accepted the People’s statement of readiness and I find that the People’s statement of readiness on April 26, 1985 was sufficient to satisfy their obligation under CPL 30.30. (See, People v Giordano, supra.)
ii. defendant’s motion to dismiss PENAL LAW § 265.01
Defendant’s motion to dismiss the Penal Law § 265.01, criminal possession of a weapon, charge is granted. The narrative of *865 the complaint states the complaining witness “observed the defendant hold a gun towards informant and threaten informant with said gun.” There is no provision in Penal Law § 265.01 concerning a gun. Thus, the People have failed to properly frame[3] a 265.01 charge within the proper time. The menacing charge, however, stands.

. “If the prosecutor’s statement of readiness in open court were made without defense counsel present, the prosecutor would have to promptly notify him of the statement of readiness (see, People v Cole, 90 AD2d 27).” (People v Kendzia, 64 NY2d 331, 337, n.)

. See, 22 NYCRR 2950.7.

. See, CPL 100.40 and 100.15 (3).