OPINION OF THE COURT
Curtis J. Farber, J.
By notice of motion dated May 25, 2017, the People move for leave to reargue this court’s April 25, 2017 decision and order, issued to the parties in court on April 26, 2017. By affirmation dated June 27, 2017, defendant opposes the People’s motion to reargue. In its April 25th decision, this court granted defendant’s motion to dismiss the accusatory instrument for violation of his statutory right to a speedy trial, finding 215 days chargeable to the People. (CPL 30.30.) Sealing has been stayed until determination of the current motion.
The People’s motion for leave to reargue is granted. Additionally, this court construes the People’s moving papers to encompass a motion for leave to renew. Defense counsel has substantively responded to the arguments underlying both the People’s reargument and renewal claims. Therefore, all the People’s arguments will be considered by the court. Upon renewal, the People’s motion to reinstate the accusatory instrument is granted.
Reargument and Renewal
Under the Civil Practice Law and Rules, a motion for leave to reargue should be based upon matters of fact or law alleged to have been overlooked or misapprehended by the court in its prior motion, but should not include any matters of fact not offered on the prior motion, and should be made within 30 days after service of a copy of the order determining the prior mo *592 tion. (CPLR 2221 [d].) In this case, it is undisputed that the People filed and served their motion to reargue within 30 days of the issuance of this court’s decision.
To the extent that the People’s moving papers offer new facts not argued on the prior motion, including submission of the minutes of the September 29, 2016 and November 3, 2016 calendar calls, the People’s current motion is, in effect, a motion for leave to renew. Pursuant to CPLR 2221 (e), a motion for leave to renew should be based upon new facts not offered on the prior motion that would change the prior determination, or should demonstrate that there has been a change in the law that would change the prior determination, and should set forth reasonable justification for the failure to present such facts on the prior motion.
Defendant maintains this court should not entertain the People’s motion to reargue, contending that CPLR 2221 is inapplicable to criminal proceedings. Defendant further argues that because there is no express provision in the Criminal Procedure Law which addresses motions to reargue, this court lacks authority to rule upon such a motion. In the alternative, defendant asserts the People have failed to satisfy the requirements set forth in CPLR 2221 for motions to reargue.*
Contrary to defendant’s arguments, this court has the discretion to entertain a motion to reargue or renew, so long as the criminal action remains pending before it. It is well established that the CPLR generally governs in civil matters, while the CPL applies to criminal actions. Whether the specific procedural requirements of CPLR 2221 should be applicable to motions to reargue or renew in a criminal case is not determinative of the motion. Irrespective of CPLR 2221, the criminal courts retain the inherent authority to consider motions to reargue and renew. In People v Godbold (117 AD3d 565 [1st Dept 2014], lv denied 27 NY3d 997 [2016]), the First Department determined that the lower court had properly exercised its discretion when it considered the People’s motion to reinstate an indictment. It found the motion was, in essence, a mo *593 tion for renewal. In Godbold, the trial court had dismissed the indictment for legal insufficiency. The People’s motion for reinstatement included a portion of the grand jury minutes which they had inadvertently omitted from their original submission to the court. Godbold held the trial court “had inherent authority to reinstate the indictment.” (Id. at 566.) It further noted that the defendant had not been prejudiced by any mislabeling of the People’s motion. (See People v Rodriguez, 21 AD3d 834 [1st Dept 2005] [court properly exercised its discretion when it entertained a motion to reargue dismissal of a count of the indictment, although the motion was technically untimely under CPLR 2221 (d)]; People v Defreitas, 48 Misc 3d 569 [Crim Ct, NY County 2015] [trial court in a criminal case has inherent power to grant leave to reargue]; cf. People v Crisp, 268 AD2d 247 [1st Dept 2000], lv denied 94 NY2d 946 [2000]; People v Holden, 260 AD2d 233 [1st Dept 1999], lv denied 93 NY2d 1003 [1999]; People v Silva, 122 AD2d 750 [1st Dept 1986] [finding the specific CPLR provisions at issue in those cases were inapplicable to criminal proceedings].)
Here, this court, in its April 25, 2017 decision, ruled that the September 29, 2016 and November 3, 2016 adjournments were pre-readiness, rather than postreadiness, as the People had maintained. Therefore, the People are justified in raising new facts to support exclusion of portions of these time periods, under a pre-readiness analysis, pursuant to CPL 30.30 (4) (b).
Background and Analysis
This action was commenced by the filing of a felony complaint on January 20, 2016. Upon defendant’s arraignment on the felony complaint, the case was adjourned to March 23, 2016, for grand jury action. On March 23rd, there was no grand jury action, and the case was adjourned to July 29, 2016, for final disposition.
On April 25, 2016, the People had the case advanced and added to the Part AP1F calendar. The felony charges were dismissed on the People’s motion. The People filed a superseding information, dated April 19, 2016, which charged defendant with class A misdemeanors and other offenses. Pursuant to CPL 30.30 (5) (c), the People had 182 days to be ready for trial.
The People’s motion to reargue and renew addresses three adjournment periods which they maintain should not have been charged to the People, in whole or in part.
*594 April 25, 2016 to May 24, 2016
The first period, which the People seek to reargue, is the adjournment from April 25, 2016 to May 24, 2016. The People raise two grounds for exclusion of this time period. First, the People maintain that this court erred in concluding that their in-court statement of readiness on April 25, 2016 was ineffective. Second, the People assert that, even if their statement of readiness was ineffective, the adjournment is nevertheless excludable, pursuant to CPL 30.30 (4) (f), because neither defense counsel nor defendant appeared in court for the April 25, 2016 calendar call.
In People v Kendzia (64 NY2d 331, 337 [1985]), the Court of Appeals set forth the means by which the People may effectively communicate their readiness for trial. The People may either: (1) make a statement of readiness in open court which is transcribed by a stenographer or recorded by the court clerk, or (2) send a written statement of readiness to both defense counsel and the court clerk to be placed in the original record. In the event that the statement of readiness is made in open court in the absence of defense counsel, Kendzia requires the prosecutor to promptly notify defense counsel of the statement of readiness (id. at 337 n; see also People v Gibson, 126 AD2d 894, 895 [3d Dept 1987], lv denied 69 NY2d 1004 [1987] [“In the event the first method is used and defense counsel is not present, the People must promptly notify him of the statement of readiness”]; People v Williams, 167 AD2d 882 [4th Dept 1990], lv denied 77 NY2d 845 [1991] [People’s statement of readiness in open court in the absence of defense counsel and the defendant, followed by prompt written notice of the People’s readiness for trial, mailed to defense counsel and the defendant two days later, satisfied the requirements of Kendzia]).
In the current matter, the People announced their readiness at a court appearance that had not been scheduled by the court. On March 23, 2016, the court had adjourned the case to July 29, 2016, for final disposition, because the People had not presented the case to the grand jury. Although the People advised defense counsel, by telephone and letter, of their intent to advance the case from July 29th to April 25th in order to reduce the charges, at no time was defense counsel made aware that the People had stated ready for trial at the April 25th calendar call. The People failed to mail a statement of readiness to defense counsel at anytime during the 29-day adjournment period after the April 25, 2016 calendar call. Moreover, the *595 People’s responding papers indicate that they merely informed defense counsel of their intent to file a misdemeanor complaint on April 25th, an instrument upon which they could not have answered ready for trial. (See People’s responding affirmation at 4, ¶ 2.)
In their motion to reargue, the People rely upon the lower court decision in People v Kozak (128 Misc 2d 862 [Crim Ct, NY County 1985]) to support their contention that this court overlooked or misapprehended the law in charging this adjournment to the People. The People contend that Kozak demonstrates that their April 25, 2016 in-court statement of readiness was effective, despite their failure to serve a statement of readiness on defense counsel within a reasonable period of time after the calendar call. While not bound by a decision of a court of concurrent jurisdiction, this court distinguished the facts in People v Kozak from the current matter in its prior decision. This court noted that in Kozak, the defendant’s attorney had been present in court when the trial date was set. Despite defense counsel’s knowledge that the case had been adjourned for the commencement of trial, he failed to appear and did not contact the court to explain his nonappearance. In his absence, while defendant was present before the court, the People answered ready for trial. Under those particular circumstances, the Kozak court found the People’s in-court statement of readiness was sufficient.
Here, however, the April 25, 2016 date had not been previously set by the court, and the case was not scheduled for trial. Instead, the People filed a case advancement request on April 25, 2016, to add the docket to that day’s calendar, in order to reduce the charges. Additionally, the People advanced the case knowing that defense counsel was not available to come to court that day, and knowing that defendant had not been ordered by the court to appear. Thus, the People were not excused from Kendzia’s requirement that they serve a statement of readiness upon defense counsel. Had the People simply mailed the superseding information and statement of readiness to defense counsel within a reasonable period of time after the calendar call, their April 25, 2016 statement of readiness would have been effective.
The People’s second argument, that the adjournment period, even if pre-readiness, should be excludable pursuant to CPL 30.30 (4) (f), likewise fails. Defense counsel was not required to be present in court on April 25, 2016. The People cite no author *596 ity for their position that the CPL 30.30 (4) (f) exclusion should apply when a case is not scheduled by the court, but instead, is advanced on the People’s own motion. In this case, the court never ordered defense counsel or the defendant to appear on April 25, 2016—not in person, by mail, or by any other means. Instead, the People advised defense counsel of their intent to add the case to the calendar for dismissal of the felony charges.
At the calendar call, the court adjourned the case to May 24, 2016, for the defendant’s arraignment on the new accusatory instrument. The court did not issue or stay a bench warrant, as the defendant’s presence had never been required for that date.
Accordingly, the People’s motion to reargue the chargeability of this adjournment period is denied, as this court did not overlook or misapprehend the facts or law when it determined that the People’s in-court statement that they were “ready” failed to satisfy the requirements of a valid statement of trial readiness.
September 29, 2016 to November 3, 2016
The second period in dispute is the 35-day adjournment from September 29, 2016 to November 3, 2016, which this court charged to the People in its April 25, 2017 decision. In their initial responding papers, the People argued a postreadiness theory, that only 14 days were chargeable to the People because, when answering not ready for trial at the September 29th calendar call, they had only requested an adjournment to October 13, 2016. Finding the People were in a pre-readiness posture, this court charged the entire adjournment to the People.
Subsequently, the People obtained the minutes of the September 29, 2016 proceedings and attached them to their renewal motion. The People maintain the official court minutes demonstrate that, even if the People’s in-court statement of readiness on April 25, 2016 was ineffective, they should only be charged with the 14 days they requested because defense counsel consented to the balance of the adjournment by actively participating in setting the adjourn date. In opposition, defense counsel maintains he did not consent to the adjournment, nor did he choose the adjournment date.
When, in a pre-readiness context, a defense counsel actively participates in setting an adjourn date beyond the time requested by the People, the portion of the adjournment attributable to defendant’s request is excluded. (People v Barden, 27 *597 NY3d 550 [2016]; CPL 30.30 [4] [b].) Defense counsel’s consent to part of the adjournment period must be clearly expressed to relieve the People of responsibility for the delay. Defense counsel’s mere acquiescence in a longer adjournment, or statement that certain dates are inconvenient, is not sufficient to constitute consent. (People v Smith, 82 NY2d 676 [1993].)
In the current matter, the minutes of the September 29, 2016 calendar call reveal that the People informed the court that they were not ready because the assigned Assistant District Attorney (ADA) wás engaged on trial on another matter. The People requested an adjournment of 14 days, until October 13, 2016. Initially, defense counsel requested an adjournment to October 17th, however, he subsequently informed the court he could only do pretrial hearings that week and would be unable to start the trial before the first week in November. Defense counsel stated:
“I may be out of town the following week, so if we put it on for the 18th, we can do the hearings. There are a number of hearings, I believe, and then set a trial date for the first week of November, if the People are ready, or we can just go to November and do it straight through.” (Minutes of Sept. 29, 2016 calendar call at 3, lines 7-12.)
The case was then adjourned to November 3rd. This portion of the colloquy demonstrates that defense counsel actively participated in setting a trial date beyond the 14 days which the People had requested. Defense counsel’s unavailability for trial until November was the express reason that the longer adjourn date was set.
Here, the balance of the adjournment, beyond October 13, 2016, was not the product of the People’s lack of readiness, but instead was due to defense counsel’s unavailability for trial, and his request for an adjourn date to the first week of November. (See People v Gerstel, 134 AD2d 281 [2d Dept 1987] [portion of adjournment requested by defense counsel, beyond date requested by People, due to his unavailability because of a planned vacation, was improperly charged to the People].) Accordingly, upon renewal, the People are only charged with the 14 days from September 29, 2016, to October 13, 2016. The balance of the adjournment, a period of 21 days, is excluded.
November 3, 2016 to December 6, 2016
The third adjournment in dispute is the 33-day period from November 3, 2016 to December 6, 2016. On November 3rd, the *598 assigned ADA was once again engaged on trial, and the People requested an adjournment to November 22, 2016, a period of 19 days. In their original responding papers, the People argued a postreadiness theory for exclusion. Now, upon renewal, the People argue that, like the September 29, 2016 adjournment, the balance of this adjournment is excludable under a pre-readiness theory because defense counsel actively participated in setting the adjourn date beyond the time requested by the People.
A review of the minutes of the November 3, 2016 calendar call, attached to the People’s moving papers, demonstrate that defense counsel actively participated in setting the adjourn date beyond the time requested by the People on this date as well. The official court minutes reveal that after the People requested 19 days, defense counsel stated: “How is December 6th? Is that good for the Court? I think that’s good for the People’s witnesses to be available.” The People then confirmed December 6th worked for them and the court adjourned the case to the date defense counsel had expressly requested. (See Minutes of Nov. 3, 2016 calendar call at 3, lines 1-8.)
Accordingly, upon renewal, the People are charged with the 19 days from November 3, 2016, to November 22, 2016. The balance of the adjournment, a period of 14 days, is excluded. (CPL 30.30 [4] [b].)
Conclusion
Upon renewal, the court finds 35 days previously charged to the People in its April 25, 2017 decision should have been excluded. Therefore, the People are chargeable with 180 of the 182 days in which they are required to be ready for trial. Accordingly, the court’s decision and order, dated April 25, 2017, granting defendant’s motion to dismiss, pursuant to CPL 30.30, is vacated. Upon renewal, defendant’s motion to dismiss, pursuant to CPL 30.30, is denied.

 Defendant also argues that, pursuant to CPLR 3212 (b), the provision which governs motions for summary judgment in civil cases, the People are required to attach the “full record” to their moving papers before this court may decide the People’s motion. That section of the CPLR is inapposite to the current motion. In any event, this court has before it, in the official court file pending in Part TP2, all of the records necessary to decide the current motion.