THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* STEPHEN P. ROSE, Defendant.

District Court of Nassau County, First District, January 9, 1967.

*Brand, Morgan & Brand* (*Ray M. Brand* of counsel), for defendant. *William Cahn, District Attorney* (*Gino Papa* of counsel), for plaintiff.

BERNARD TOMSON, J. Section 803 of the Code of Criminal Procedure provides: '' Officer to give receipt for property taken. When the officer takes property under the warrant, he must give a receipt for the property taken (specifying it in detail), to the person from whom it was taken by him, or in whose possession it was found, or, in the absence of any person, he must leave it in the place where he found the property.''

After hearing on a suppression motion, the sole question remaining to be determined is whether the failure of police officers who conducted a search of the defendant's premises to furnish the defendant with a receipt for the property taken as required by section 803 invalidates the search and requires the granting of the defendant's application.

The officers' return and inventory made to the court two days after the search of the defendant's premises disclosed that there was taken from the defendant one hypodermic needle, some doridin tablets, and certain other property. There is no dispute that at the time the property was seized the defendant was not furnished with a receipt.

Apparently no appellate court in this State has interpreted section 803. In a 1962 County Court case, *People* v. *Montanaro* (34 Misc 2d 624, 628) it was stated that the requirements of the section were '' mandatory '', and that '' the police should be meticulous in complying.'' However, the court then added that the section recites '' statutory commands not of constitutional dimension.'' The court accordingly denied the motion to suppress, although the '' mandatory '' receipt required by the statute had not been given, holding (p. 629) that the '' filing of the inventory and furnishing the defendants with a copy thereof constitutes sufficient compliance.''

*People* v. *Ricken* (49 Misc 2d 677) is not apropos since there the search was voided because of a number of defects in the application for a search warrant, its execution and the circumstances following the search, among which was the failure to give the receipt.

Section 803 is not unlike the Federal requirements for the furnishing of a receipt. Subdivision (d) of rule 41 of the Federal Rules of Criminal Procedure provides: "Execution and Return With Inventory. The warrant may be executed and returned only within 10 days after its date. The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and shall be verified by the officer. The judge or commissioner shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant."

Although earlier Federal cases held that the failure to give the required receipt rendered the search void (*Giles* v. *United States,* 284 F. 208 [1 Cir., 1922]; *Murby* v. *United States,* 293 F. 849 [1 Cir., 1923]), the Federal courts now adhere to the rule that the return of a search warrant is a ministerial act, and that the defects therein or the failure to give a receipt do not void the search. (*Rose* v. *United States,* 274 F. 245, 250–251 [6 Cir., 1921]); *Evans* v. *United States,* 242 F. 2d 534, 536 [6 Cir., 1957], cert. den. 353 U. S. 976 [1957]; *Rettich* v. *United States,* 84 F. 2d 118, 121 [1 Cir., 1936]; *United States* v. *Kaplan,* 286 F. 963 [S. Dist., Ga. 1923]; *United States* v. *Haskins,* 345 F. 2d 111 [C. A., 1965]; *United States* v. *Greene,* 141 F. Supp., 856 [D. C. 1956]. See, also, *State* v. *Blackwell,* 49 N. J. Super. 451 cert. den., 26 N. J. 304; *State* v. *Parsons,* 83 N. J. Super 430, 26 N. J. 304; *People* v. *York,* 29 Ill. 2d 68.)

Despite the "mandatory" language of section 803, the great weight of authority requires a holding that the failure to furnish the receipt was merely a ministerial defect and does not void either the warrant or the search.

Note, however, the language in *State* v. *Blackwell* (*supra*, p. 454) : " It may be readily conceded that the action of the officer in omitting the items in question from his return was a violation of his duty to make accurate return concerning the execution of the process. Dereliction in the punctilious observance of legal requirements with respect to search warrants merits severe condemnation and will deprive the officer of the protection of the warrant if called to account. 47 *Am. Jur., Searches and Seizures,* § 43, p. 527, n. 15. But this is not a proceeding to punish the officer or to recover damages against him for tortious arrest or assault. Here the only issue is the propriety of the use by the State against the accused in a criminal prosecution of the incriminatory data found upon him." The motion is denied.