Irving B. Kendall, J.
On October 13, 1972, this court filed a decision denying defendant’s motion to suppress the evidence seized by the police, upon the ground that an erroneous return does not convert a legal search warrant into an illegal one, the police officer’s return and inventory being a ministerial act; and upon the further ground that the affidavit upon which the search warrant was based clearly spelled out probable cause for the issuance of the warrant.
On October 20, after the filing of the decision herein referred to, the defense counsel, Philip C. Scarpino,. Esq., filed a reply affidavit in further support of his motion which I will treat as a motion to reargue.
*939 After reading Mr. Searpino’s learned affidavit, the decision of this court dated October 13,1972 is adhered to.
A police officer has a duty to comply with the provisions of OPL 690.50, including the provision requiring him to write, subscribe and give a receipt itemizing the property taken by him (subd. 4) and to file with the court a written inventory of the property seized (subd. 5); but his failure to properly comply with these ministerial duties will not invalidate a valid search.
In People v. Rose (52 Misc 2d 648), it whs held, and properly so, that the return of a search warrant is a ministerial act.
In this court’s considered judgment and in the light of the Rose case, and the Federal authorities cited therein, while scrupulous observance of legal requirements with respect to search warrants is required, a less than punctilious compliance should not operate to void a valid search where the derelictions occur after the execution of the warrant and are ministerial in nature.
This supplemental decision shall constitute the order of this court and the District Attorney is directed to serve a copy upon the defendant’s attorney.