John V. Vaughn, J.
This case involves the apparent lack of a return and inventory of property seized under warrant dated May 3, 1973 authorizing the search of the Gr & W Fish Market in Wyandanch.
On this motion to suppress the court must inquire into the facts and circumstances surrounding the search and return and determine the admissibility of the alleged evidence seized. The court does not have in its possession a return or inventory of the property seized, nor have the People been able to locate the original of the search warrant on which would be indorsed the return and inventory of seized property. The police officers who executed the warrant have stated that to the best of their recollection there was a return and inventory submitted to the court, but do not recall to whom the return was made. It has been suggested that the loss of the return and inventory may be attributed to the court’s moving from its prior location north of the Veterans Memorial Highway to the present location in the H. Lee Dennison Executive Building because this move occurred contemporaneously with the period within which the return would have been made.
The People have stated that should the evidence be suppressed they would not be able to proceed with the prosecution of this matter. It is the defendant’s position that CPL 690.50 (subd. 5) does not vest any discretion in the police officers concerning the return of the warrant since this section expressly provides that the warrant “must be returned without unnecessary delay ”. The defendant submits that the time period from May 3, 1973 to October 24, 1973 constitutes an unlawful delay in the return *1006 of a warrant notwithstanding the good intent on the part of the police officers.
The court is aware of the fact that the Federal law is quite liberal with respect to the filing of inventories and returns. (Evans v. United States, 242 F. 2d 534, cert. den. 353 U. S. 976; United States v. Baldwin, 46 F. R. D. 63.) The law in New York on this matter is contained in CPL 690.50 (subd. 5) wherein it is stated that ‘ ‘ Upon seizing property pursuant to a search warrant, a police officer must without unnecessary delay return to the court the warrant and the property, and must file therewith a written inventory of such property, subscribed and sworn to by such officer. ’ ’
The court feels that normally the presumption of regularity would be with the court records; however here we have no such items before the court, nor filed with the court. Since the police officers have not filed anything there is nothing for the presumption to be operative upon and there are no grounds upon which the court can deny the motion to suppress.
The court is aware of the matter of the People v. Rose (52 Misc 2d 648) wherein it was held that the failure of police officers who conducted a search of the defendant’s premises to furnish the defendant with a receipt for the property taken was merely a ministerial defect and did not vóid either the warrant or the search. However in this case there was no return or inventory of the property seized and no receipt given to the defendant. The deviation or variation in the present case is as a matter of law a substantial deviation from the requirements of CPL 690.50 (subd. 5) as it affects the very essence of the warrant involved.
The court grants the order of dismissal in this matter, dismissing the information on the grounds that the items have been suppressed and the People feel they can no longer go forward due to the lack of this evidence.