Max H. Galfunt, J.
The defendant was charged with promoting gambling (Penal Law, § 225.05) and possession of gambling records (Penal Law, § 225.15).
The defendant now moves to controvert a search warrant and suppress evidence seized thereby. The affidavit contained information based on personal observations by. the officer. From the observations by the officer, the issuing Magistrate concluded probable cause existed and issued the warrant.
The defendant contends that the affidavit supporting the search warrant lacked probable cause; that the expertise of the officer is required to be set forth in the affidavit; that the affidavit does not contain a date and is thus stale, and that the warrant did not provide for a return to the court pursuant to CPL 690.45.
This court will consider the issues raised by the defendant.
One must be ever mindful that warrant application proceedings occur early in the prosecution of a criminal case. These warrants are often sought by police officers without formal legal training. Therefore, much less stringent requirements are set forth at this step in the proceedings than at the point where the formal adversary process takes over and the scrutiny of the criminal process becomes more stringent.
First-hand knowledge by the officer as to the information required to uphold the issuance of a warrant, as contained in a sworn affidavit, will usually support an issuing Magistrate’s action (United States v Thoresen, 281 F Supp 598).
In viewing the validity of any search warrant, a court or Magistrate must determine whether it is supported by probable cause and contains a sufficiently particular description of the area to be searched (People v Nieves, 36 NY2d 396). The definition of "probable cause” can be found in numerous cases. Each event must be judged on the totality of the circumstances in each case. Suffice it to say that this court, having read the warrant and supporting affidavit, concludes that the warrant is supported by probable cause.
*498 Crucial are the facts and circumstances made known to the issuing Judge when the warrant application was approved (People v Hendricks, 25 NY2d 129; People v De Lago, 16 NY2d 289; People v Rainey, 14 NY2d 35; People v Fino, 14 NY2d 160). Were these "facts and circumstances * * * such as to warrant a man of prudence and caution in believing that the offense has been [or is being] committed?” (Stacey v Emery, 97 US 642, 645.)
The instrument of a search warrant does not depend on establishing guilt beyond a reasonable doubt or a preponderance of the evidence; the standard that controls lies between bare suspicion and evidence leading to a conviction (People v Gold, 46 Misc 2d 495). A warrant’s validity depends on "a balancing of probabilities” (United States v Harris, 403 US 573, 579).
This court can find no cases to support the defendant’s contention that the officer in this case should state his expertise in the affidavit. The skilled senses of a highly trained, street-wise officer certainly are capable of detecting more than the untrained layman (see United States v McMillon, 350 F Supp 593 [where trained narcotics agents observed yard to be searched and believed marijuana plants were growing there]). But as to probable cause, it is important to recall the definition "facts and circumstances * * * such as to warrant a man of prudence and caution in believing that the offense has been [or is being] committed” (Stacey v Emery, supra p 645, emphasis added).
It is common practice for an officer to list his experience in his affidavit. In the "balancing of probabilities” concept, an affidavit by a well-trained officer might sway a Magistrate to approve the warrant. Yet the standard of a "man of prudence and caution” is controlling; no specific expertise need be listed.
Further, the defendant contends the affidavit is stale and no date is contained within the body of the affidavit.
The CPL sets forth the only relevant time limitation as to search warrants: it states that a search warrant must be executed within 10 days or it becomes void (CPL 690.30, subd 1).
The date on the search warrant is not that important. In an analogous situation, it has been held that the failure of a search warrant to include a direction in it that it be executed within 10 days of issuance did not invalidate the warrant *499 since the warrant, if not executed within that period, falls (People v Santora, 233 NYS2d 711).
An unintentional dating error has also been held as not affecting the validity of the warrant (People v Horton, 32 AD2d 707).
It is important only that the warrant be executed and returned to the Magistrate within the 10-day period prescribed in CPL 690.30 (subd 1). Since the warrant here was issued and returned within the prescribed statutory period, the objections of staleness and a lack of a specific date on the affidavit are not justifiable.
Finally, the defendant attacks the validity of the warrant in that it did not specifically provide for a return to the court pursuant to CPL 690.45 (subd 7).
The statute states:
"A search warrant must contain:
"7. A direction that the warrant and any property seized pursuant thereto be returned and delivered to the court without unnecessary delay”. (Emphasis added.)
In People v Galleges (80 Misc 2d 265), a search warrant was issued, but there was never a return filed on this search warrant.
The court, in Galleges, citing United States v Baldwin (46 FRD 63), stated that the return and inventory under a search warrant are ministerial acts, and any failure to perform these acts does not void the warrant (see, also, People v Rubicco, 30 NY2d 897; People v Jenkins, 71 Misc 2d 938).
CPL 690.45 (subd 7) is, notwithstanding the word "must,” purely a ministerial function. Therefore, a failure to contain a direction within the body of the warrant that the warrant "be returned and delivered to the court without unnecessary delay” should be deemed ministerial only and not fatal to the warrant.
The People should be given an opportunity to explain and cure such a defect.
The situation here has been stated very clearly by the Court of Appeals in People v Hanlon (36 NY2d 549). There the court stated (p 559): "When considering whether probable cause exists no infallible formula is available; ideally we consider the probabilities as perceived by a reasonable, cautious and prudent police officer and evaluated by an independent Magistrate. However, in the real world, we are confronted with *500 search warrant applications which are generally not composed by lawyers in the quiet of a law library but rather by law enforcement officers who are acting under stress and often within the context of a volatile situation. Consequently such search warrant applications should not be read in a hyper-technical manner as if they were entries in an essay contest. On the contrary, they must be considered in the clear light of everyday experience and accorded all reasonable inferences.”
Thus for the above-stated reasons, the defendant’s motion to controvert the search warrant is denied.