OPINION OF THE COURT
Nicholas Colabella, J.
The defendant has moved to dismiss both of the above-captioned indictments on the grounds that the People were not ready for trial within the time period mandated by CPL 30.30.
It is uncontested that at the arraignment of this defendant on both of these indictments, the People announced that they were “ready” for trial. This announcement took place within the six-month time period required by statute. It is the defendant’s contention, however, that the People were not effectively ready at that time, since there was a delay in presenting Grand Jury minutes to the court for an in camera inspection and the People subsequently moved for reargument of a court’s decision. Therefore, according to the defendant, because of the two problems previously mentioned, the People were not effectively ready to proceed to trial when they made their announcement of readiness on the record.
*1032 Before considering the merits of the defendant’s claim, a brief note as to the procedure followed in Westchester County concerning indictments is warranted.
After the filing of a felony complaint in a local court, a matter is usually held for the action of the Grand Jury. Once the Grand Jury has acted on a case by voting a true bill, the indictment is filed in Westchester County Supreme Court. The defendant is then brought in and arraigned on that indictment. Normally, upon the arraignment, the defendant is handed a copy of the indictment, if he has not already received one, and is given two dates, one for the full submission of any pretrial motions and a second date for a “determination of readiness”. Bail is either set or confirmed at that point, and the People generally announce that they are “ready for trial”. A defendant normally does not reappear in court until the determination of readiness date. On such date, the Justice presiding determines whether all motions have been decided and whether both sides are ready to proceed to trial. In the event that a case is marked “both sides ready”, the case is placed on a stand-by Trial Calendar and is assigned in the normal course of events to the first available Trial Part, at which time the case ultimately proceeds to trial.
The court can sympathize with the defendant’s argument that at the arraignment, the People are not effectively ready to proceed at that point to trial. The statute, however, does not require that the People be “effectively ready”. Rather, CPL 30.30 (subd 1), as interpreted by the appellate courts of this State, means that the District Attorney is “ready for trial” whenever he “announce^] his readiness on the record” (People v Giordano, 56 NY2d 524, 525; People v Moorhead, 61 NY2d 851; People v Cole, 90 AD2d 27). Thus, once the People announce their readiness on record, the requirements of the statute are met. No postannouncement events can affect the application of the statute (see, e.g., People v Morrell, 97 AD2d 703; People v Evans, 99 AD2d 535; People v Josefson, 100 AD2d 630; People v Giordano, supra).
The defendant argues that without the transcription of the Grand Jury minutes, the People, as a matter of law, cannot be ready for trial. The court finds this argument *1033 unpersuasive. There is no requirement under this statute that the People have all of their witnesses present in the courtroom and all of their documents in hand before they announce their readiness for trial. Indeed, in People v Giordano (supra), the announcement of readiness was made, as here, at the defendant’s arraignment. Obviously, if a case is called in for trial and the People do not have their witnesses available or their documentation ready, then at that particular point in time, they may not be ready for trial. In that event, the court has appropriate sanctions (see, e.g., People v Cole, supra). However, such unreadiness and sanctions for same do not in any way affect the announcement by the People of their readiness for trial at a prior time. This court interprets the term “ready” to mean that the People are prepared to go forward and present a prima facie case to a Judge or a jury. Whether the People have in hand at their announcement of readiness all of their Rosario material, discovery items, etc., is irrelevant as to whether the People can present a prima facie case to a trier of fact. No subsequent actions by a defendant such as pretrial motions, motions to preclude, etc., can affect the People’s announcement of readiness once announcement is effectively communicated on the record (see, e.g., People v Williams, 72 AD2d 950; People v Cole, supra). While it may be true as defendant contends that the People in this county can make an announcement of readiness knowing that a case will not be reached for trial within many months, that does not change the clear import of the statute and the appellate cases interpreting CPL 30.30 to the effect that once the People announce their readiness for trial on the record, such announcement is conclusive for purposes of the statute.
In a situation such as the one presently before the court, where documents must be presented to a court for an in camera inspection to determine a motion to dismiss, it is incumbent upon the People to move as expeditiously as possible to produce those documents. It does not follow, however, that for purposes of CPL 30.30, this time is automatically chargeable to the People. There are many and varied reasons why Grand Jury minutes are not immediately available to the court for an in camera inspection, *1034 although, on occasion, this court has been provided with such minutes upon submissions of the People’s affirmation in opposition to a defense pretrial motion. By the same token, this court has encountered delays in receiving Grand Jury minutes for the purposes of a motion to inspect and dismiss. However, the simple fact of the matter remains that the People may be able to present a prima facie case at trial without the Grand Jury minutes. Indeed, by the time of a defendant’s arraignment in Supreme Court in this county, witnesses have already testified and the People have substantially prepared their case for trial. It should be noted that at this point, the People are perhaps, in many cases, in the best position to proceed to trial knowing that their witnesses are available and the events of the incident are fresh in the witnesses’ minds. Thus, for purposes of CPL 30.30, the absence of Grand Jury minutes would not in and of itself prevent the People from being “ready for trial” (People v Giordano, supra).
Turning now to the defendant’s contention that the People were not ready for trial in that they moved to reargue a prior decision of this court and that such reargument must be chargeable to the People, the issue is rendered academic in light of the court’s discussion regarding CPL 30.30, that the time is necessarily chargeable to the People. It is clear that the People announced their readiness on that indictment at the arraignment of this defendant. Therefore, the time computations involved under the statute cease as of the announcement of readiness.
The court would make one additional observation: It does not automatically follow that under all circumstances delays in presenting Grand Jury minutes to a court for an in camera inspection are automatically excludable for purposes of speedy trial motions. The mere fact that the People announced their readiness for trial does not foreclose the defendant from raising speedy trial issues under CPL 30.20. As such, such delays, for whatever reason, must be determined on a case-by-case basis. Thus, in a situation where there is an extended, unexplained delay in presenting Grand Jury minutes to a court for an in camera inspection, or for any similar reasons, the situation may arise where a delay would warrant a dismissal of an *1035 indictment on speedy trial grounds. Such is not the case presently before this court.
In conclusion, the court would note that this issue has been ably researched and argued by both the attorneys for the defendant and for the People. The defendant, however, has not shown any compelling reason for this court to deviate from the long line of appellate decisions holding that the People’s announcement of readiness for trial on the record cannot be negated by subsequent factors.
Accordingly, the defendant’s motions to dismiss these indictments are denied.