■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD FRANGE, Appellant. —- Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered November 30, 1981, convicting him of criminal possession of marihuana in the second degree and criminal sale of marihuana in the fourth degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Contrary to defendant's assertion, the detective's application for a search warrant provided sufficient information to support the issuing magistrate's determination that there was probable cause to believe marihuana would be found on the premises of the pizzeria where defendant was employed (*see, Illinois v Gates,* 462 US 213; *People v Hanlon,* 36 NY2d 549; *People v Marinelli,* 100 AD2d 597). Moreover, assuming, arguendo, that the 13-day

period which elapsed between the date the search warrant was executed and the date it was returned to the court constituted "unnecessary delay" within the meaning of CPL 690.30 (1), the requirement that the warrant be returned in a timely manner is a ministerial duty, noncompliance with which cannot be used to invalidate an otherwise valid warrant (*see, People v Davis,* 93 AD2d 970; *People v Ciccarelli,* 104 Misc 2d 287). Thus, defendant's motion to controvert the warrant which authorized a search of the pizzeria was properly denied.

We have considered defendant's other contentions and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.