THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BERBERENA, Appellant.

Two eyewitnesses identified the defendant as the man who fired three gunshots in the direction of Willie Montez. Viewing the evidence in the light most favorable to the prosecution, as we must, we find that the evidence is sufficient to support the verdict *(see, Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620; *see also, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, the defendant's contention that the jury's verdict of acquittal on the first count of the indictment, charging him with attempted murder in the second degree, was repugnant to a finding of guilt of attempted assault, is unpreserved for appellate review, inasmuch as defense counsel did not object to the verdict prior to the discharge of the jury *(see, People v Alfaro,* 108 AD2d 517,

*affd* 66 NY2d 985; *People v Satloff,* 56 NY2d 745). In any event, since the elements of the crime of attempted assault in the first degree *(see,* Penal Law §§ 110.00, 120.10 [1]) are materially different from the elements of the crime of attempted murder in the second degree, *(see,* Penal Law §§ 110.00, 125.25 [1]), the claim of repugnancy is without merit *(see, People v Tucker,* 55 NY2d 1; *People v Alfaro, supra,* p 519; *People v Rivera,* 112 AD2d 327, 328). Additionally, there is no basis for modification of the imposed sentence.

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for review or without merit. Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.