■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 22, 1984, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review (1) the denial (Feldman, J.), without a hearing, of the defendant's motion to dismiss the indictment on the ground that he was denied his right to a speedy trial and (2) the denial (Owens, J.) of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial under CPL 30.30 (1) (a) was properly denied, without a hearing, based upon the undisputed facts set forth in the papers submitted in connection with this motion *(see, People v Agosto,* 123 AD2d 637, *lv denied* 69 NY2d 708; *People v Walters,* 127 AD2d 870). That branch of the defendant's omnibus motion which was to suppress physical evidence based upon the alleged "unnecessary delay" in returning the search warrant and property seized to the court *(see,* CPL 690.50 [5]) was also properly denied. Assuming, arguendo, that the period which elapsed between the date the search warrant was executed and the date it was returned to the court constituted "unnecessary delay" within the meaning of CPL 690.50 (5), the requirement that the warrant be returned in a timely manner is a ministerial duty, noncompliance with which cannot be used to invalidate an otherwise valid warrant *(see, People v Frange,* 109 AD2d 802).

The sentence imposed upon the defendant was not excessive. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.