■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN GRAHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered February 24, 1984, convicting him of criminal possession of a weapon in the third degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion to dismiss the indictment on the ground that he had been denied his constitutional and statutory rights to a speedy trial.

Ordered that the judgment is affirmed.

It is undisputed that the People announced their readiness to proceed to trial on January 3, 1983, which was slightly more than two months after the defendant's arrest and well within the statutory six-calendar-month time period (CPL 30.30 [1] [a]). In support of his speedy trial motion, the defendant made the conclusory assertion that the People were not in fact ready for trial at the time of the aforesaid announcement. While the Court of Appeals has clearly stated that a delay on the part of the People subsequent to their announcement of readiness may be counted against them in determining whether the readiness requirements of CPL 30.30 have been met (*People v Anderson,* 66 NY2d 529, 535), the record does not support the allegation that the People were

not in fact ready to proceed to trial despite their affirmative representation. In any event, the People have adequately attributed the ensuing delay in bringing the matter to trial to the defendant's motion practice and to the general congestion of the dockets of the Criminal Trial Calendar in Westchester County. Under the circumstances, the defendant's motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial under CPL 30.30 (1) (a) was properly denied, without a hearing, based upon the undisputed facts set forth in the papers submitted in connection with the motion (see, *People v Hernandez,* 131 AD2d 509; *cf., People v Nowakowski,* 49 NY2d 723).

In applying the balancing test set forth in *People v Taranovich* (37 NY2d 442) to the facts of this case, we find that the defendant has not been denied his constitutional right to a speedy trial. Although the defendant was incarcerated for more than 14 months from the time of his arrest until the case was called for trial, a significant portion of the delay was caused by the defendant's motion practice (see, *People v Washington,* 124 AD2d 982, *lv denied* 69 NY2d 718). A pretrial delay attributable, in part, to the congestion of the Criminal Trial Calendar and the well-founded policy to process indictments in the sequence of their presentment, notwithstanding the readiness of counsel and the willingness of Judges to hear the case, does not unreasonably deprive a defendant of his constitutional right to a speedy trial *(People v Ganci,* 27 NY2d 418, 422, *cert denied* 402 US 924). We note, furthermore, that the serious nature of the charges, which originally included charges of robbery in the first degree, the complexity of evidentiary matters and the criminal history of the defendant necessitated a careful preparation of the case. Finally, his conclusory allegations notwithstanding, the defendant has shown no prejudice as a result of the delay. Therefore, the defendant's constitutional right to a speedy trial was not violated.

The defendant's claim that the verdicts were repugnant is not preserved for appellate review inasmuch as counsel did not raise an objection to that effect prior to the discharge of the jury (see, *People v Alfaro,* 66 NY2d 985, 987; *People v Berberena,* 124 AD2d 664, *lv denied* 69 NY2d 708). In any event, the respective verdicts were not repugnant inasmuch as the underlying charges related to two separate crimes. Clearly, the criminal possession of one weapon is not a material element of the crime of criminal possession of another weapon. The elements of the separate crimes charged in the

instant case were the same only to the extent that they involved violations of the same section of the Penal Law. The facts of each crime were unrelated for purposes of repugnancy.

Accordingly, the judgment appealed from is affirmed. Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.