OPINION OF THE COURT
Phylis Skloot Bamberger, J.
Defendant was arrested on September 2, 1987, on a felony complaint charging attempted murder. The People were re *164 quired to be ready for trial by March 2, 1988, or 182 days. (People v Osgood, 52 NY2d 37 [1980].) The defense, pursuant to CPL 30.30 and 210.20, by motion of January 30, 1989, sought dismissal of the subsequently filed indictment which charged the defendant with attempted murder in the second degree, assault in the second degree, criminal possession of a weapon and reckless endangerment. Before the motion was filed, at discussions in the courtroom, the parties agreed about what had occurred on all dates but three and the transcripts were ordered for those three dates. After the motion was filed the prosecutor filed response papers, including two affirmations from the Assistant District Attorneys who had previously handled the case.
This court found that no hearing was necessary. (People v Gruden, 42 NY2d 214 [1977].) The prosecutors’ affirmations presented undisputed factual admissions which established that notices of readiness were inaccurate and consequently supported the defense claim that more than six months of includable time transpired. This court found 302 days against the State. On February 23, 1989, the indictment was dismissed. This opinion sets out the findings and conclusions of the court.
1. GOING BEHIND THE NOTICE OF READINESS
Motions to dismiss pursuant to CPL 30.30 are almost always resolved by examining a case for subdivision (4) excludable periods, or for subdivision (3) (b) exceptional circumstances justifying the State’s delay after a notice of readiness is filed.[1] (See, People v Anderson, 66 NY2d 529, 535-537 [1985].) An issue only rarely considered is the accuracy of the notice that the prosecution is ready for trial. Nevertheless, there is judicial precedent for going behind the notice. In People v Dean (45 NY2d 651, 656 [1978]), where the Court of Appeals decided there were sufficient excludable periods to deny a motion to dismiss, the court wrote that an inaccurate statement of readiness would make the statute a mockery.
*165 In People v Howe (116 AD2d 990, 991 [4th Dept], lv denied 67 NY2d 885 [1986]), the concurring Judge wrote: "It is not enough for the People to simply state on the record their readiness for trial; they must also be able to substantiate such an assertion”. (See, People v Hargro, 144 AD2d 971 [4th Dept 1988]; People v Filim, NYLJ, Aug. 23, 1984, at 12, col 2 [App Term, 2d Dept];[2] People v Jones, 126 Misc 2d 919 [Crim Ct, NY County 1984]; People v Richberg, 125 Misc 2d 975, 980 [Crim Ct, NY County 1984].) This court accepts as sound the principle that when circumstances raise questions about the accuracy of the notice of readiness, the purpose of the statute will be undermined if the court does not go behind the notice to determine the status of the prosecution’s case at the time the notice was filed. Inaccurate statements of readiness would mislead the court. Uncritical judicial acceptance of inaccurate notices would encourage delays in the preparation and investigation of cases. The delays would undermine the purpose of the statute, which was to promote prosecutorial readiness to proceed. It would undermine the prosecutor’s obligation to the community to prosecute those cases it considers important and dismiss those it cannot continue.[3]
2. THE MEANING OF "READY”
Going behind the notice necessitates a standard for the examination. The statute requires that the People be ready for trial in a felony case within six months of the commencement of the action. (CPL 30.30 [1] [a].) The Court of Appeals has provided guidance about the meaning of readiness. A notice must be effective. (People v Brothers, 50 NY2d 413, 417 [1980].) *166 The People must be "prepared for trial”. (People v Berkowitz, 50 NY2d 333, 349 [1980].) A subsequent notice of prior readiness is inadequate (People v Hamilton, 46 NY2d 932 [1979]) and a notice cannot anticipate future readiness. (People v Kendzia, 64 NY2d 331, 337 [1985].)
These precedents reflect the legislative history of CPL 30.30. The statute was "patterned after the speedy trial rules of the United States Court of Appeals for the Second Circuit” (1972 McKinney’s Session Laws of NY, at 3385), which were in effect between July 5, 1971, and March 31, 1973.[4] Rule 4 of the Second Circuit Rules required the government to be ready for trial within six months of one of several specified events. The rules focused on "prevention of prosecutorial delay” and were "designed to require the government to be ready to try cases promptly, subject to certain types of delay generally recognized as arising from legitimate or unavoidable causes.” If the government was not ready within the six months, excluding the specific exceptions, the indictment was dismissed with prejudice. (Hilbert v Dooling, 476 F2d 355, 357 [2d Cir], cert denied 414 US 878 [1973].) To announce the government’s ready status to the court and the defense, some notice of readiness was required. (United States v Scafo, 480 F2d 1312, 1318 [2d Cir], cert denied 414 US 1012 [1973].)
The Court of Appeals decisions and the legislative history mean that the required notice of readiness cannot be a mere formality. It must accurately reflect the status of a prosecutor’s case. When Kendzia describes the "actions the People must take to indicate 'readiness’ ” (64 NY2d, supra, at 335), the court is not asking for an empty proclamation, but one which sets out for the court and the defense that the State is prepared to go ahead with the trial. These precedents require two components for effective readiness: the ability to present the State’s direct case and the ability to make that presentation immediately. When the prosecutor announces ready, the prosecutor must expect that the trial of the case will begin immediately before the Judge to whom the notice is given or any other available court.
Whether information in existence but unknown to a prosecutor at the time notice is given, or whether the need to put police witnesses on call, or whether some other circumstance is significant to the issues of preparedness or immediacy will *167 have to be determined in other cases. In this case, no such questions are raised. The State’s response to the motion to dismiss makes it clear that the prosecutors were not able to present the case immediately and had no basis for believing that they would be able to do so.
3. FINDINGS
The defendant was arrested on September 2, 1987. The indictment was filed on September 11, 1987, and the arraignment took place on September 28, 1987. This period is excluded as a reasonable period for indictment and arraignment. (People v Baker, 131 AD2d 491, 492 [2d Dept], lv denied 70 NY2d 709 [1987].)
On September 28, 1987, the People announced ready and the case was adjourned to October 7, 1987; on October 7, 1987, again the People announced ready and the case was adjourned to November 2, 1987. On November 2, 1987, the case was adjourned to December 2, 1987, again after an announcement of readiness. The prosecutors’ affirmations in response to the motion to dismiss, which this court accepts as true, provide a different story of the status of the case. A prosecutor was assigned to this case "sometime in 1987” and "at or about September 1987” the complaining witness said he wanted to cooperate in the trial and supplied his "information and alternate contacts” should it become necessary to try the indictment. There is no assertion that in the period from the initial communication sometime in September to November 2, 1987, the complainant was ever contacted or that the prosecutor knew whether he would testify. There was only an assumption of continuing interest. Further, nothing was known about the witness’ availability. There is no assertion that the prosecutor knew how to reach the witness directly or when the witness would be available to appear. The representation of readiness was inaccurate. The time between September 28, 1987, and December 2, 1987, 65 days, is charged against the People.
On December 2, 1987, the case was adjourned for motions until December 14, 1987, and again for the same reason until February 1, 1988. This period is excluded. (CPL 30.30 [4] [a].)
On February 1, 1988, the prosecutor again announced ready, and the case was adjourned to April 4, 1988. Based on the prosecutor’s affirmation, this court finds there was a change of prosecutor in either late January or early February *168 1988. The second newly designated prosecutor contacted the complaining witness’ uncle and father in March 1988, and were told both the complaining witness and another witness resided at the addresses originally given: At an unspecified date in April 1988, the prosecutor sent a detective to look for both witnesses. The detective spoke with complaining witness’ mother, who said both witnesses wanted to cooperate. The court finds the declaration of readiness to be inaccurate. The People were not ready for trial on February 1, 1988. Neither the prosecutor nor his law enforcement agent had contact with the witnesses and although a detective was sent to look for them, he was unsuccessful. No one in the prosecutor’s team could confirm the witnesses’ whereabouts, when they would be available to be in court, or if they would willingly come to court or require a subpoena. The prosecutor had not spoken to the witnesses and, because he was new to the case, had no firsthand knowledge of what their testimony would be. The period of 63 days between February 1 and April 4, 1988, is charged against the People.
On April 4, 1988, the People again announced ready and the case was adjourned to May 23, 1988. At some unspecified date in May 1988, the same detective again, "went to the complainant’s residence and met with the same results.” Through April and into May, the People had no communication with the complaining witness. This period of 49 days is charged against the People.
On May 23, 1988, the People announced ready and the case was adjourned for June 9, 1988, and transferred to this court for trial. Sometime prior to June the prosecutor called the complainant’s workplace and learned that he worked there. However, the complainant was not present. This 17-day period is also charged against the People, for the prosecutor had no contact with the witness and remained unaware of his availability.
On June 9, the People were not ready because the prosecutor could not locate the witness. The case was marked off the calendar for six months, or until the People restored the case for trial. On September 26, 1988, the People sought to have the case restored as ready. The period between June 9, 1988, and September 25, 1988, 108 days, is charged against the State, for the People made no assertion of readiness in that period.
*169 CONSENT
CPL 30.30 (4) (b) excludes delays resulting from a continuance granted by the court at the request of or with the consent of counsel. The waiver by consent provision is not applicable to the periods counted against the State here because no continuance was requested by either side, and the defense is not charged with the duty to object to an adjourned date set by the court. (People v Johnson, 38 NY2d 271, 273, n 1 [1975]; People v Davis, 142 AD2d 931 [4th Dept], lv denied 72 NY2d 917 [1988].) Furthermore, the defense cannot be put to fault for not challenging the accuracy of the readiness when it had no basis for doing so until after the filing of the State’s response to the CPL 30.30 motion. (See, People v Blue, 114 Misc 2d 383, 387 [Sup Ct, Kings County 1982].)
CONCLUSION
Three hundred eight days are charged against the State. The indictment is dismissed.

. CPL 30.30 (3) (b) states: "A motion made pursuant to subdivisions one or two upon expiration of the specified period may be denied where the people are not ready for trial if the people were ready for trial prior to the expiration of the specified period and their present unreadiness is due to some exceptional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.”

. People v Giordano (56 NY2d 524 [1982]), which stated that a notice of readiness ended all inquiries about the State’s readiness, was interpreted by some courts to preclude an examination of the accuracy of a notice of readiness. (See, People v O’Shaughnessy, 124 Misc 2d 1031, 1032 [Sup Ct, Westchester County 1984].) People v Filim (NYLJ, Aug. 23, 1984, at 12, col 2 [App Term, 2d Dept]) relied on Giordano opinions in both the Court of Appeals and the Appellate Division to find that postnotice delays did undermine a prior notice. (See also, People v Williams, 67 AD2d 1094 [4th Dept 1979].) People v Anderson (66 NY2d 529 [1985]) repudiated the O’Shaughnessy interpretation of Giordano. Anderson held that periods of non-readiness after a notice of readiness count against the State unless caused by exceptional circumstances.

. The Second Circuit Speedy Trial Rules (see, n 4 and text), after which CPL 30.30 was modeled, provided a break-in period allowing for the prosecution or dismissal of pending cases. (United States v Scafo, 480 F2d 1312, 1318 [2d Cir], cert denied 414 US 1012 [1973].)

. After April 1, 1973, local rules of each District Court in the Second Circuit became effective.