OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant was charged with assault in the second and third degrees, and unlawful possession of a weapon in the fourth degree. On November 14, 1989, the defense filed a motion to dismiss for failure of the People to be ready for trial within the time required in CPL 30.30 (1) (a). The motion was granted and this opinion sets out the findings and conclusions of the court.
The complaint was filed on December 4, 1988. Accordingly, the People had to be ready for trial by June 4, 1989, that is within 182 days. (People v Lomax, 50 NY2d 351 [1980]; People v Sinistaj, 67 NY2d 236 [1986].) On November 14, 1989, when the section 30.30 motion was filed and the running of the section 30.30 time was tolled (People v Shannon, 143 AD2d 572 [1st Dept], lv denied 73 NY2d 860 [1988]), 345 days had expired. The People had to establish 163 days of excludable time. The 40 days of the prereadiness period between December 4, 1988, and January 13, 1989, are includable. The People announced ready on January 13, 1989. In the postreadiness period between January 13, 1989, and July 5, 1989, 90 days are excluded and 83 days are included.
The People announced ready by a notice of readiness filed on July 5, 1989, and claim that the period between July 5 and September 5, 1989, is excluded. The notice was given in proper form. (People v Kendzia, 64 NY2d 331, 337 [1985].) However, the circumstances of the case justify going behind the notice to determine if it was a bona fide notice of readiness. (People v Cole, 73 NY2d 957 [1989], revg 141 AD2d 829 [2d Dept 1988]; People Hargro, 144 AD2d 971 [4th Dept 1988], lv denied 73 NY2d 892 [1989]; People v Graham, 135 AD2d 563 [2d Dept 1987]; People v Howe, 116 AD2d 990 [4th Dept] [concurring opn], lv denied 67 NY2d 885 [1986]; People v Robinson, 143 Misc 2d 163 [Sup Ct, Bronx County 1989].) The notice must signify present readiness for trial and not just a prospective readiness. (People v Kendzia, supra; People v Brothers, 50 NY2d 413 [1980]; People v Hamilton, 46 NY2d 932 [1979].)
*868 At the time the notice of readiness was filed, there was pending before this court the People’s written motion to reargue an order suppressing a knife which the People wanted to introduce in evidence at the trial. The motion to reargue had been filed on June 26, 1989. Statements made by the prosecutor to the court demonstrate that the People were not going to proceed to trial until the admissibility of the knife was reexamined and the issue resolved. The People stated in court on May 26 that they believed their case was weakened if not eliminated by the suppression of the knife. On June 29, the People expressed the view that the motion to reargue would have to be decided before the trial date, which was September 5, 1989. Further, the prosecutor asked for a written opinion on the motion for an appeal to be taken by the State in the event the motion was denied.
On such a record, the notice of readiness could only have meant the People were ready for trial if that notice had more than its usual significance. If the notice was bona fide it must also have meant that the People had abandoned the pending reargument motion filed nine days earlier, and any possible review procedure if the decision was unfavorable. But this court was not asked to refrain from deciding the motion, the motion was not withdrawn, and, although the prosecutor knew of his and the court’s vacation schedules, he made no request to advance the case for trial before his July 17 vacation. The court concludes that despite the filing of the notice of readiness, the People were not immediately ready because they believed they did not have all the evidence for presentation to the jury to which they were entitled, and because they wanted that issue resolved, with appellate review if necessary, before the trial began.
Because the People were not ready on July 5, 1989, after they had earlier announced ready on January 13, 1989, it is necessary to decide if the reargument motion was an extraordinary fact or circumstance justifying postreadiness delay under CPL 30.30 (3) (b). (People v Jones, 68 NY2d 717 [1986]; People v Anderson, 66 NY2d 529 [1985].) An “exceptional circumstance”, the phrase also used in section 30.30 (4) (g), is an event beyond the control of the People preventing the People from being ready for trial. (People v LaBounty, 104 AD2d 202, 204 [4th Dept 1984], lv denied 69 NY2d 1005 [1987]; see, e.g., People v Goodman, 41 NY2d 888 [1977] [illness of witness]; People v Sepulveda, 147 AD2d 720 [2d Dept], lv denied 74 NY2d 669 [1989] [death of Judge]; People v Mar *869 shall, 91 AD2d 900 [1st Dept 1983] [verified illness of material witness].) Such circumstance must be proven by the People. The statute is explicit in requiring that where the delay results from a claimed exceptional circumstance due to the absence of evidence material to the People’s case, the People must establish that they have exercised due diligence to obtain such evidence and a reasonable belief the evidence will be found in a reasonable period. (People v Zirpola, 57 NY2d 706 [1982]; People v Washington, 43 NY2d 772 [1977]; People v Hilton, 151 AD2d 364 [1st Dept 1989]; People v Spadafora, 131 AD2d 40 [1st Dept 1987]; People v Meyers, 114 AD2d 861 [2d Dept 1985]; People v Holmes, 105 AD2d 803 [2d Dept 1984].)
This court’s decision to suppress the knife did result in the sudden unavailability of evidence which the People asserted was material to the case, thus satisfying one factor set out in section 30.30 (3) (b). However, section 30.30 (3) (b) also requires that the People exercise due diligence to obtain the evidence, or use efforts to end the cause of the delay. (People v Washington, 43 NY2d 772, supra; People v Capparelli, 68 AD2d 212 [1st Dept 1979].) Although the People sought to obtain the evidence by a written motion to reargue the order of dismissal, they did not exercise due diligence in seeking that reargument.
The motion to suppress was granted on May 11, 1989, because the People, without explanation, were not ready to proceed on the pretrial hearing. This court gave leave to reargue to the Assistant who appeared shortly after the order was announced. She knew nothing about the case and was unprepared to make any presentation. No one appeared at any time later that day to present the State’s position and no motion, written or oral, was made until May 26, 1989, which was the date set for trial. On May 26, the prosecutor asked to present his position and was permitted to make any and all arguments that he chose to present concerning the circumstances of the prior failure to be timely and ready for the pretrial suppression hearing. The prosecutor explained the reason for his absence on the date of the hearing and why the People were represented by a prosecutor unfamiliar with the case. When the oral motion was denied the People requested permission to file a written motion to reargue. They were given until June 9, 1989, to file the application. However, no motion was filed until June 26. The prosecutor never explained why the State failed to adhere to the court’s schedule requiring the filing by June 9. The People failed to exercise *870 due diligence: without explanation, they waited 15 days to make the oral motion and an additional 31 days to file the written motion, and failed to comply with the court’s motion schedule. The 12-day period between July 5 and July 17 is includable.
The period between July 17 and August 7 is includable because of the prosecutor’s vacation; the period between August 8 and September 5 is excluded because of the Judge’s vacation and calendaring.
The prosecutor also asserted in his response to the section 30.30 motion that the time from September 5,1989, to November 14, 1989, is excluded. The People assert that their intention, announced on September 5, 1989, to file a CPLR article 78 petition with the Appellate Division challenging the order suppressing the knife and the filing of that petition on September 14, 1989, stopped the running of the time until November 14, 1989, when the defense section 30.30 motion was filed. The position of the People was that the petition was an exceptional fact or circumstance and that the People were ready, although unwilling, to go to trial. This court rejects the State’s position and finds that the People were not ready and that there was no exceptional fact or circumstance justifying the delay.
On September 5, 1989, the People requested a two-week adjournment to prepare the article 78 petition. Then, on September 22, 1989, the prosecutor rejected .the defense offer to waive a jury for immediate trial and stated to this court that the People would not proceed to trial, even under court order, until the article 78 proceeding was resolved.[1] The *871 People simply determined they would not go ahead. In such a situation, the court could issue an order to go to trial and proceed by contempt if it were violated; it could not, however, compel the prosecutor to open, to call witnesses and to examine them. By his conduct, the prosecutor created a postreadiness delay of the trial. While it has not previously been determined whether readiness includes the People’s willingness to proceed, the court concludes that readiness necessarily includes the willingness of the prosecutor to present the case.
Readiness means "the People are in fact ready to proceed.” (People v Kendzia, 64 NY2d, supra, at 337; People v Brothers, 50 NY2d 413, 416-417, supra.) "By requiring the prosecutor to be ready for trial within a specified period of time, this [statute] will provide a strong inducement for more rapid disposition of criminal cases”. (1972 McKinney’s Session Laws of NY, at 3385.) The readiness provision relates to the prosecutor’s functions. To be ready to dispose of a case, the prosecutor must have investigated the criminal conduct and gathered the evidence needed for the prosecution. The final function of the prosecutor in disposition of a case is presentation of the collected evidence to the triers of fact for resolution of the issue of guilt. If the People do not for any reason undertake this function, the prosecutor’s role in the criminal process cannot be fulfilled and disposition by trial is impossible. Accordingly, if the prosecutor does not go to trial because he refuses to participate in the selection of a jury, to make an opening statement, and to call and question witnesses, the prosecutor is not prepared to take the case to trial for disposition. The State is consequently not ready. Any other understanding of the readiness concept would destroy its usefulness in controlling prosecutorial delays by allowing the prosecutor to bring the process to a halt by willful refusal to proceed.
Because the People were not ready, it must be determined if the article 78 petition was an exceptional circumstance result *872 ing in a period of excludable time during which the petition was pending before the Appellate Division. This court holds that there was no exceptional circumstance because the People failed to seek a stay of the trial while the article 78 proceeding was pending.
The filing of an article 78 petition does not by itself result in a delay of the underlying proceedings. An application for a stay is required. (CPLR 7805.) Therefore, the filing of the petition did not cause the delay in the defendant’s trial. What caused the delay was the prosecutor’s unilateral refusal to proceed with the tried while the petition was pending before the Appellate Division. If the Appellate Division had been asked to grant a stay, the decision whether to delay the trial would have been determined by the court, and not the People. The merits of the stay application were never put before the Appellate Division so that its decision on such a motion will remain unknown. Suffice it to say that the Appellate Division, in exercising its discretion on the issue of whether to grant the stay, could have considered the legislative preference against a delay in criminal trials because of review of trial court rulings that do not terminate the proceeding (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 450.50, at 568-569)[2] and could have made a threshold determination of whether the article 78 petition had any legal basis.
The stay provision of article 78 and the exceptional circumstances section of CPL 30.30 dovetail uniquely in providing for the State an opportunity to have an outside event — a judicial stay — justify a delay. By failing to seek a stay of the criminal trial, the prosecutor made himself the sole determiner of whether the trial would proceed while the article 78 proceeding was pending. The State’s conduct thereby ran afoul of CPLR 7805. The cause of the delay is not an extraordinary circumstance under CPL 30.30, and the time is included.
*873 The 70-day period between September 5, 1989, and November 14, 1989, is includable. Two hundred twenty-six days are included. The time is beyond that granted by the statute and the indictment is dismissed.
[Portions of opinion omitted for purposes of publication.]

. "prosecutor: My position is as I’ve said 15 times I think already today. The People are not going to proceed until the Article 78 is resolved. A Critical [sic] piece of evidence involved in our case has been suppressed without a hearing. We’re waiting for a more just and proper result, we feel, will come down from the appellate division [sic] When that is resolved that’s when we will be willing to proceed. The issue of whether this time is chargeable or not under 30.30 will be resolved on a motion at the appropriate time.
"the court: Mr. [Prosecutor], if I said bring your witness in at 3:00 this afternoon, we’re going to start this trial on the assumption that [the defendant] is willing to waive jury trial and I can’t do it, and some other judge in the courthouse will do it, will the People produce the witness at 3:00 this afternoon?
"prosecutor: I have no reason to doubt that I can get in contact with [the witness]. . .
"the court: I didn’t say could you. I said would you?
"prosecutor: Will I produce him? For what purpose?
*871 "the court: To start the trial.
"prosecutor: I’ve already made it clear to this Court that we are not starting the trial until the Article 78 is resolved.
"the court: Your position is that if I directed the trial to begin this afternoon at 3:00 you will not comply with such a direction?
"prosecutor: Not unless the Article 78 was resolved by 3:00.”

. The law does provide that a direct appeal may be taken by the People from an order of suppression, but only upon the filing with the Appellate Division of a statement that the suppression makes the prosecution’s case insufficient as a matter of law or the evidence so weak that any reasonable probability of a conviction has been effectively destroyed. (CPL 450.20 [8]; 450.50 [1].) The purpose of the written statement is to assure that the appeal is not an interlocutory one which will result in delay of the criminal trial. Here the prosecutor filed a notice of appeal on June 9, 1989, but no statement.