■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL MORGAN, Respondent.—Appeal by the People from an order of the Supreme Court, Suffolk County (Rohl, J.), dated June 2, 1989, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The defendant was charged under indictment Number 559/88 with one count of criminal possession of a controlled substance in the fourth degree as a result of a search, pursuant to a search warrant, of the Seafood Fish and Chips restaurant located at the intersection of Great Neck Road and Albany Avenue in North Amityville. Although the hearing court determined that the issuance of the search warrant was proper, it granted the defendant's application to suppress on the basis that the police failed to leave a receipt for the contraband at the premises and that the police delayed in returning the search warrant to court for two weeks after its execution *(see,* CPL 690.50 [4], [5]).

However, we find that a police detective's failure to provide a receipt at the time of the search was merely a ministerial error which did not taint an otherwise valid search *(see, People v Jenkins,* 71 Misc 2d 938; *People v Di Polito,* 61 Misc 2d 65, 69-70; *People v Rose,* 52 Misc 2d 648, 649; *People v Montanaro,* 34 Misc 2d 624, 628-629). Similarly, the 14-day delay in returning the warrant did not justify suppression since "the requirement that the warrant be returned in a timely manner is a ministerial duty, noncompliance with which cannot be used to invalidate an otherwise valid warrant" *(People v Hernandez,* 131 AD2d 509; *see also, People v Nelson,* 144 AD2d 714, 716; *People v Frange,* 109 AD2d 802). Mangano, P. J., Eiber, Sullivan and Balletta, JJ., concur.