■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered February 19, 1991, convicting him of attempted rape in the first degree, sexual abuse in the first degree, and assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the matter is remitted to the County Court, Orange County, to hear and report on the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30, and the appeal is held in abeyance in the interim; the County Court shall file its report with all convenient speed.

Pursuant to CPL 30.30 (1) (a), the People must announce their readiness for trial within six months of the commencement of a criminal proceeding charging the defendant with a felony, less certain excludable periods (CPL 30.30 [4]). The present criminal action is deemed to have commenced on December 29, 1989, the date of the order of this Court remitting the matter for a new trial became final *(People v Wilson,* 156 AD2d 743; *see,* CPL 30.30 [5] [a]). Thus, the six-month period expired on June 29, 1990, 182 days later. The retrial of the defendant did not commence until January 1991.

In his *pro se* motions to dismiss the indictment on the ground that his statutory right to a speedy trial had been denied, both of which were interposed after the six-month deadline had expired, and in his reply papers, the defendant asserted that: (1) the People did not properly assert their readiness for trial, i.e. they did not make a "communication of readiness" either "in open court" or by "written notice" *(People v Kendzia,* 64 NY2d 331, 337); (2) the People's alleged

assertion of readiness was illusory inasmuch as the People had not yet spoken with the complainant in order to secure her presence at trial, despite their having sought at least one prior adjournment for that very purpose *(see, People v Kendzia, supra,* at 337; *People v Caussade,* 162 AD2d 4; *People v Robinson,* 143 Misc 2d 163); and (3) the adjournments contributing to the delay were attributable to the People, and the defendant's failure to object to these adjournments, relied upon by the People, does not constitute consent so as to relieve the People of the responsibility for that portion of the delay *(see, People v Liotta,* 79 NY2d 841, 843).

In opposition, the People: (1) claimed to have declared their readiness on February 27, 1990, well within the six-month period; (2) asserted the genuineness of that declaration despite not having spoken to the complainant until one month later; (3) argued that the placement of the case on the trial calendar supports their assertion that they timely declared their readiness; and (4) claimed that most of the adjournments were "upon information and belief", accomplished with the consent of the defendant and/or were the result of court calendar congestion. None of the People's claims were substantiated by reference to court records.

The County Court (Patsalos, J.), summarily denied the defendant's motions. We find that a hearing is warranted.

Where, as here, a defendant moves to dismiss an indictment on the grounds specified in CPL 30.30 and makes a prima facie showing that the People exceeded the six-month deadline, the burden falls on the People to demonstrate that the delay greater than six months should be excluded *(see, People v Santos,* 68 NY2d 859, 861; *People v Kendzia, supra,* at 338; *People v Davis,* 184 AD2d 575). In this case, the People's papers were not sufficient to justify denying the motion without a hearing as they did not provide the court with evidence in support of the factual basis for each exclusion claimed, or substantiate their assertion that they declared their readiness on a certain date *(People v Santos, supra).* Accordingly, the trial court had no factual basis on which to make the necessary findings. For these reasons, a hearing is necessary to resolve the issues raised in the defendant's motion papers. Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.