■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILSON, Appellant. [616 NYS2d 979] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered February 19, 1991, convicting him of attempted rape in the first degree, sexual abuse in the first degree, and assault in the second degree, after a nonjury trial, and imposing sentence. By order of this Court dated December 28, 1992, the matter was remitted to the County Court, Orange County, to hear and report on the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, and the appeal was held in abeyance in the interim *(People v Wilson,* 188 AD2d 671). The County Court, Orange County, has now complied.

Ordered that the judgment is affirmed.

There is ample evidence in the record to support the hearing court's determinations that the People announced their readiness in open court on March 22, 1990, well within the six-month period allowed by statute (CPL 30.30 [1] [a]), and that the People were, in fact, prepared to proceed, having contacted the complainant and secured her presence for the retrial. Accordingly, the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial was properly denied.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Miller and Lawrence, JJ., concur.