■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY WALLACE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 1, 1978, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant, accused of killing Isaac Hart, posed the defense of justification at the trial. Defendant met the deceased in a bar to collect a debt from him. An argument ensued, defendant and the deceased left the bar and, once in the street, they punched each other, whereupon the deceased pulled a knife from his pocket. Defendant got a board from across the street and struck the deceased, killing him. The primary question for the jury was whether defendant was obliged to retreat, that is, whether he knew he could with complete safety to himself and to others, avoid the necessity of using deadly physical force by retreating (see Penal Law, § 35.15, subd 2). Defendant claims that the jury's rejection of his justification defense was against the weight of the evidence. There was conflicting testimony as to the exact course of events. Defendant's testimony that he retreated across the street, only to be pursued by the deceased was disputed by the deceased's widow, who claimed that her husband did not pursue defendant when he went across the street and returned with the board. Defendant testified that he struck the deceased in the legs with the board but that the latter jumped up with some "agility", necessitating the second, fatal blow with the board. However, a bystander, Mr. Allmon, testified that the deceased appeared to be dazed when defendant struck him the second time. The question of whom to believe fell to the jury (see *People v McDonald*, 159 NY 309). Defendant also claims he was deprived of a fair trial because the prosecutor implied that defendant was a "loanshark" out to collect what the deceased owed him. Although the prosecutor did make reference to defendant's money-lending activities and the fact that he had come to collect from the deceased, such was proper to establish defendant's motive (see *People v Molineux*, 168 NY 264, 293), as well as to discredit defendant's claim that the deceased had provoked the confrontation. At trial defendant went so far as to claim that he never even mentioned the unpaid debt to the deceased and, therefore, he opened the door to limited inquiry on cross-examination and comment by the prosecutor in summation. We have examined the other points raised by defendant and find them to be without merit. Damiani, J. P., Suozzi, Lazer and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. MICHAEL BOOTHE, Appellant, v DAVID R. HARRIS, as Superintendent of Green Haven Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court, Dutchess County, dated June 8, 1978, dismissed as academic, without costs or disbursements. The judgment was superseded by an order of the same court dated August 21, 1978, made upon reargument. Order affirmed, without costs or disbursements. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.