■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RABBIT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered September 3, 1985, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and this case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

At approximately 10:15 on the night of February 8, 1984, the police found Salvatore Sciortino lying unconscious on the sidewalk in a largely deserted industrial area of Brooklyn. He had been severely beaten, and had numerous stab and slash wounds about his arms, head and upper body. Some of the arm and hand wounds were consistent with defensive wounds. Sciortino died later that night without regaining consciousness.

The defendant, Robert Rabbit, admitted inflicting the

wounds during a fight with Sciortino that took place earlier in the evening in the back seat of a car that was being driven by his codefendant, Ernest Veneziano *(see, People v Veneziano,* 123 AD2d 725). There were no other witnesses to the incident. The defendant claimed that a fist fight had broken out over Sciortino's complicity in the sale of narcotics to the defendant's drug-addicted teen-age son, and that the stabbing resulted from a struggle over a knife that had been pulled by Sciortino. The defendant, who was much larger than Sciortino, received some injuries consistent with a fist fight, but had no knife wounds. The severely injured Sciortino was put out of the car as soon as the fight ended, but neither the defendant nor Veneziano reported the incident to the police; the defendant did, however, call his lawyer.

The defendant's primary contentions are that the People failed to prove beyond a reasonable doubt that he possessed the requisite mental culpability, and failed to disprove beyond a reasonable doubt his defense of justification.

On the first point, the jury here, as in most cases, was left to infer mental culpability from the totality of the circumstances *(see, People v Barnes,* 50 NY2d 375; *People v Martinez,* 123 AD2d 361). Since a reasonable inference could be drawn in this case that the defendant acted "recklessly" *(see,* Penal Law § 15.05 [3]; § 125.15), the jury's determination will not be disturbed *(see, People v Kennedy,* 47 NY2d 196; *People v Martinez, supra).* We note that there is no reasonable view of the facts from which any less culpable mental state might be inferred *(see, People v Green,* 56 NY2d 427).

With respect to the defendant's justification defense, although the story told by the defendant and Veneziano was not clearly inconsistent with the other evidence at trial, it was a question for the jury whether to believe or disbelieve their testimony on this issue *(see, People v McDonald,* 159 NY 309, 312; *People v Wallace,* 68 AD2d 895). Moreover, viewing the totality of the evidence in the light most favorable to the People, as we must *(People v Kennedy,* 47 NY2d 196, *supra),* a rational juror could have found that the defendant was not justified in using deadly force, concluding, for example, that the defendant provoked the smaller man's defensive use of the knife *(see,* Penal Law § 35.15 [1] [a]).

We find no error in the court's justification charge, which correctly conveyed the applicable law to the jury. The defendant's remaining contention with respect to the charge has not been preserved for appellate review as a matter of law

*(see, People v Ford,* 66 NY2d 428, 443; *People v Teeter,* 47 NY2d 1002).* Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.