■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST VENEZIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered September 3, 1985, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the defendant's motion to dismiss the indictment is granted, the indictment is dismissed and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant Ernest Veneziano, and his codefendant, Robert Rabbit, were convicted after a joint trial of second degree manslaughter, based upon a fatal assault that took place in the back seat of the defendant's car on the night of February 8, 1984 (see, People v Rabbit, 123 AD2d 722). The defendant, who was driving the car at the time, was convicted as an accomplice, and claims on appeal that the evidence at trial was insufficient to prove his guilt beyond a reasonable doubt.

The fight in the car between Rabbit and the decedent, Salvatore Sciortino, broke out over Sciortino's alleged complicity in the sale of narcotics to Rabbit's drug-addicted teen-age son. Sciortino, who was not known to the defendant or the codefendant, had met the two men earlier that evening when they had come to the apartment of the friend from whom Rabbit's son had allegedly been buying his drugs. Sciortino went into the car with Rabbit and the defendant, and a discussion ensued regarding Rabbit's concerns about his son's purchase of drugs. There is no evidence, however, that either the defendant or codefendant knew at this time of any connection between Sciortino and the drug sales. Only after the three men went, at Rabbit's urging, to see Rabbit's son, was Sciortino identified as having knowledge of, and possible complicity in, the drug sales. It was while Sciortino was being driven back towards his home that the fatal assault took

place, following which the severely injured Sciortino was abruptly let out of the car in a largely deserted industrial area of Brooklyn, where he was found unconscious by the police roughly two hours later.

The standard for adjudging a defendant an aider and abettor is a familiar one. " 'An aider and abettor must share the intent or purpose of the principal actor, and there can be no partnership in an act where there is no community of purpose' " *(People v La Belle,* 18 NY2d 405, 412). " 'In order that the finding of guilt may be sustained, it must appear that the jurors could properly draw an inference from the evidence presented that the defendant acted with the mental culpability necessary to commit the crime charged and that in furtherance thereof he solicited, requested, commanded, importuned or intentionally aided the [principal] to commit such crime' " *(People v Vazquez,* 115 AD2d 626, quoting from *People v Reyes,* 82 AD2d 925, 926). "Mere presence at the scene of a crime with knowledge of its perpetration does not render the observer accessorily liable therefor" *(People v Reyes, supra,* p 926; *see, People v La Belle, supra,* at p 412). Accomplice liability may be particularly difficult to establish where, as here, the killing was found to be unintentional, but guilt can be proven if it is shown that the defendant was a willing and active participant in a plan or scheme, the foreseeable, yet unexpected, consequence of which was the victim's death *(see, People v Lieberman,* 3 NY2d 649, 652-654).

At bar, the evidence showed nothing more than that the defendant dutifully drove his car to the different locations that evening at Rabbit's behest. There was no evidence that there was any joint plan or scheme afoot to beat, provoke or intimidate Sciortino, or that the defendant shared any motive that Rabbit might have had to injure Sciortino. Absent proof of any such community of purpose, we must reverse the defendant's conviction and dismiss the indictment as to him.

In view of our determination, the defendant's remaining contentions need not be addressed. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.