■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORATO FIGHERA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Monserrate, J.), rendered November 29, 1984, convicting him of

manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the jury convicted the defendant of manslaughter in the first degree on the theory that he intentionally killed the victim while acting under the influence of extreme emotional disturbance, as a lesser included offense of murder in the second degree, and it did not convict him of manslaughter in the second degree, which was charged as a lesser included offense of manslaughter in the first degree, the jury did not accept the claim that the defendant had acted recklessly rather than with intent. We therefore reject as academic the defendant's contention that the court erred in refusing to charge the still lesser included offense of criminally negligent homicide. In any event, no reasonable view of the evidence would have supported such a submission to the jury and the court would have erred in doing so (see, People v Scarborough, 49 NY2d 364, 368).

In addition, we reject the defendant's claim that his guilt was not proven beyond a reasonable doubt. The jury made a determination, not unreasonably, that the People disproved the defense of justification and this finding should be upheld (see, People v Wallace, 68 AD2d 895). The evidence, viewed in the light most favorable to the People (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932), was sufficient to prove the defendant's guilt beyond a reasonable doubt.

We have considered the defendant's other contentions and find them to be without merit. Weinstein, J. P., Lawrence, Eiber and Kooper, JJ., concur.