■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILLARD SHANNON, Appellant.—Judgment, Supreme Court, New York County (Edith Miller, J.), rendered January 31, 1985, convicting defendant of criminal possession of a weapon in the third degree and sentencing him to an indeterminate term of imprisonment of 3½ to 7 years, unanimously affirmed.

On remand for additional findings relative to defendant's speedy trial claim that the indictment should be dismissed pursuant to CPL 30.30, during which time this appeal was held in abeyance, and after a hearing, Trial Term found the People chargeable with delays totaling 186 days, five days in excess of the six months' limit, or 181 days, permitted by the statute (CPL 30.30 [1] [a]). As the hearing court found, the People declared themselves ready for trial on June 19, 1984; nevertheless, they were not ready on September 11, 1984. In the interim, however, on August 30, 1984, defendant had moved to dismiss pursuant to CPL 30.30. The People filed their response three weeks later, on September 19, 1984, and the matter was then twice adjourned for disposition, from September 19th to October 12th to October 24th. On the latter date, the court ordered a hearing on the motion and, for that purpose, adjourned the matter to November 5th. On remand, the court charged these three adjournments, totaling 47 days, to the People. This was error. The 47-day period of time was excludable and should not have been charged to the People since the court was considering its decision on the instant

motion. CPL 30.30 (4) (a) excludes "reasonable period[s] of delay resulting from other proceedings concerning the defendant", such as pretrial motions, including "the period during which such matters are under consideration by the court". The exclusion applies to speedy trial motions. *(People v Kendzia,* 64 NY2d 331, 338.) Delay for the purpose of considering a motion to dismiss is not a People's delay; and, even if it were, it would still be excludable since it "directly 'results from' action taken by the defendant within the meaning of [CPL 30.30 subdivision] 4 (a)". *(People v Anderson,* 66 NY2d 529, 536.) As this court noted in *People v Morrell* (97 AD2d 703), a CPL 30.30 motion to dismiss "concern[s] a matter wholly collateral to the issue of the People standing ready to try the defendant" and the People cannot go forward until the motion has been denied. Thus, the People cannot be charged with periods during the pendency of such a motion, irrespective of their readiness or unreadiness in the meantime. The Court of Appeals has reached a similar conclusion in a prereadiness context in *People v Dean* (45 NY2d 651, 658).

In light of our holding that the People should not have been charged with the 47 days from September 19 to November 5, 1984, thus bringing the time chargeable to the People to 139 days, well within the six months' limit, we need not reach the issues concerning the other controverted time frames. We have examined defendant's other contentions and find they are without merit. Concur—Sandler, J. P., Sullivan, Rosenberger, Ellerin and Wallach, JJ.