■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD BROWN, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered May 27, 1988, convicting defendant, after a jury trial, of two counts of rape in the first degree and sentencing him to concurrent indeterminate terms of imprisonment of from 5 to 15 years, unanimously affirmed. Order of same court, entered on or about October 3, 1989, which denied, without a hearing, defendant's motion pursuant to CPL 440.10 (1) to vacate the judgment of conviction, unanimously affirmed.

Defendant's claim that the court improperly precluded testimony concerning his alleged self-serving postarrest statement made while in custody was not properly preserved for appellate review. The only argument raised by defendant at the suppression hearing challenging an earlier inculpatory statement was that the police lacked probable cause to arrest him. No argument as to the relevancy of the exculpatory statement, such as is argued on appeal, i.e., that the second statement completed or explained the first, was ever advanced. In any event, defendant's statements to Officer Byrne at the time of his arrest and then one hour later at the

precinct were not part of a single conversation. *(See, People v McLucas,* 15 NY2d 167, 170.) Nor, in the circumstances, did the second statement explain or complete the first.

As for the court's summary denial of defendant's postjudgment motion (CPL 440.10), sufficient facts appear in the record for this court to determine defendant's claim regarding the People's alleged failure to turn over exculpatory evidence. Thus, the trial court properly denied the defendant's motion without a hearing. *(See,* CPL 440.30 [2]; 440.10 [2] [b].) Based on the trial record and defendant's submission, consisting of his attorney's affidavit, we reject the postjudgment claim. *(See, People v Satterfield,* 66 NY2d 796, 799; CPL 440.30 [2].) The Trial Assistant's denial, of record, that defendant's daughter, the mother of the victim, communicated the so-called exculpatory information to him was conclusive with respect to the claim. Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.