■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTAGRACIO SANTANA, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered October 30, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and three counts of criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of imprisonment of 18 years to life on the sale count and 1 to 3 years on each weapons count, unanimously affirmed. Order of the same court, entered on or about October 23, 1990, which denied, without a hearing, defendant's motion pursuant to CPL 440.10 (1) to vacate the judgment of conviction, unanimously affirmed.

The trial court did not err in summarily denying defendant's motion to vacate his judgment of conviction. Defendant's sworn allegations that the courtroom was closed to the public off the record without any inquiry into the need therefor, are refuted by a record that was carefully reviewed by the court in concluding that the courtroom was in fact not closed. Thus there is no reason to remand for a hearing *(see, People v Brown,* 161 AD2d 527, *lv denied* 76 NY2d 891). It is of no significance that the door to the courtroom was closed, or that defendant's wife was informed by defense counsel that she could not be in the courtroom. Considering the circumstances of the case, including the witness tampering hearing, she was excluded because she was a potential witness. Nor did the court err in admitting a statement by the co-defendant, who had absconded before trial, under the co-conspirator exception to the hearsay rule, the People having established prima facie proof of conspiracy *(People v Salko,* 47 NY2d 230). Finally, the evidence that defendant carried a firearm outside of his store was not introduced to portray him as a person of bad character but rather to establish his knowing possession of the three firearms found near the cash register in his store when he was arrested *(see, People v Hernandez,* 139 AD2d 472, 477, *lv denied* 72 NY2d 957). In any event, no prejudice could have resulted from the single question asked, in view of the court's prompt instruction to confine the testimony to possession inside of the store, and defendant's own testimony that he had obtained the firearms after he had been robbed several times. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.