◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL JOHNSON, JR., Appellant. [613 NYS2d 429] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered November 19, 1992, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated December 17, 1993, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the

weight of the evidence *(see,* CPL 470.15 [5]). Credible evidence in the record shows that the defendant had a familiarity with the operation and handling of guns, as well as an awareness of their potential danger. Nevertheless, he pointed a gun at his girlfriend's head, at admittedly close range, and pulled the trigger. Although the defendant allegedly removed the gun's "clip" before firing, he did not inspect the chamber to determine if any bullets remained therein. The defendant's recklessness in this regard provided the necessary element for his manslaughter conviction *(see, People v Barnes,* 50 NY2d 375, 381; *People v Kennedy,* 47 NY2d 196; *People v Rabbit,* 123 AD2d 722, 723, *affd* 70 NY2d 663; *People v Martinez,* 123 AD2d 361, 362).

In the context of the summation and the trial evidence as a whole, the defendant's claim of prosecutorial misconduct during summation, on which his motion to vacate judgment is also based, lacks merit. Moreover, the claim is properly addressed on direct appeal, as the record contains sufficient evidence for this Court to review it *(see,* CPL 440.10 [2] [b]; *People v Cooks,* 67 NY2d 100, 103; *People v Brown,* 161 AD2d 527, 528).

Finally, the defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.