■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DAVILA, Appellant. [685 NYS2d 5] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J., on speedy trial motion; Frank Diaz, J., at *Wade* hearing; Ira Globerman, J., at jury trial and sentence), rendered September 23, 1994, convicting defendant of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 8$\frac{1}{3}$ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Defendant's speedy trial motion was properly denied. As defendant concedes, the speedy trial period commenced with the declaration of a mistrial on July 8, 1992 (CPL 30.30 [5] [a]), giving the People until January 8, 1993, a 184-day period, within which to bring him to retrial. The period from July 8, 1992 to May 3, 1993, upon which date defendant filed his speedy trial motion, comprised 299 days. Contrary to defendant's argument, the period from September 11, 1992 to September 30, 1992 was a "period during which [a motion was] under consideration by the court" (CPL 30.30 [4] [a]). The record does not establish that the People should be charged with any portion of that period. The periods from January 7, 1993 to January 28, 1993 and February 4, 1993 to February 18, 1993 were excludable upon specific request and consent of defense counsel, clearly established by the record (CPL 30.30 [4] [b]). When the abovementioned excludable periods are added to periods whose excludability is conceded by defendant on appeal, we find a total of 137 excludable days, leaving a total of 162 includable days prior to the filing of the speedy trial motion.

The entire period following May 3, 1993 was excludable due to the filing of defendant's speedy trial motion (CPL 30.30 [4] [a]; *People v Shannon*, 143 AD2d 572, *lv denied* 73 NY2d 860). Under the circumstances, we do not find that the People's response to the speedy trial motion was so dilatory or unsatisfactory that any further time should have been charged.

Prior crimes evidence was properly admitted to show motive. The totality of the evidence established a sufficient connection between the instant case and defendant's murder case. The court's mid-trial modification of its *Ventimiglia* ruling was appropriate since defense counsel opened the door to evidence of defendant's prior threats and intimidating conduct by questioning the complainant about his failure to identify defendant, whom he knew by a "street name," immediately after the assault. Moreover, the court's prompt and repeated instructions regarding the limited purpose for which such evidence was received must be assumed to have been followed by the jury (*People v Davis*, 58 NY2d 1102, 1104).

Defendant's suppression motion was properly denied. The prosecution carried its initial burden at the *Wade* hearing with evidence that the complainant had informed police of the identity of his attacker, and that the detective confirmed this identity by photographic array and lineup procedures, photographs of which were reviewed by the suppression court, which made detailed findings establishing their fairness. Accordingly,

the People's failure to preserve the photo array and lineup photos was harmless (see, People v Gissendanner, 48 NY2d 543). We have considered and rejected defendant's other arguments concerning the Wade issues.

Denial of defendant's request, made in an outburst interrupting the prosecutor's opening statement, for a delay of the trial to permit him to find new retained counsel, was a proper exercise of discretion, as was denial by the court of a request by prospective retained counsel for a delay of undetermined length to permit that counsel to take a vacation and to honor a commitment to try another case (People v Medina, 44 NY2d 199).

Defendant properly received consecutive sentences. There was ample evidence that defendant possessed the loaded pistol with intent to use it unlawfully against others prior to his shooting of the complainant herein (People v Okafore, 72 NY2d 81).

Upon our in camera review of certain sealed minutes, we find nothing therein that should be unsealed. Concur—Sullivan, J. P., Nardelli, Rubin and Mazzarelli, JJ.