■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE ROJAS, Appellant. [717 NYS2d 448] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of assault in the second degree (Penal Law § 120.05 [3], [7]). The charges arise from an incident at the Onondaga County Jail in which defendant, after refusing to change his clothes as directed, punched a guard in the jaw. Defendant was additionally charged with crimes arising from an earlier assault of a fellow inmate. Those charges were severed prior to trial, and County Court admonished the prosecutor not to refer to them. Contrary to defendant's contention, the court did not err in reconsidering that ruling at trial and permitting limited testimony concerning the other assault. The testimony explained the reason for defendant's confinement and the directive that defendant change his clothes, and defense counsel opened the door to that testimony by portraying defendant as the victim of abusive guards and seeking an acquittal on the ground of fairness (*see, People v Davila*, 257 AD2d 485, 486, *lv denied* 93 NY2d 968; *People v Wallace*, 68 AD2d 895). Any prejudice was tempered by the court's limiting instructions, which it must be presumed were followed by the jury (*see, People v Davis*, 58 NY2d 1102, 1104).

Defendant's contention that reversal is mandated because of prosecutorial misconduct on summation is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The further contention of defendant that he was denied a fair trial by other instances of alleged prosecutorial misconduct is without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Assault, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.